Leroy A. ANDREOZZI, Petitioner—
Appellant,

v.

People of the State of CALIFORNIA;
Ana Ramirez Palmer, Warden,
Respondents—Appellees.

No. 01–15710.

D.C. No. CV–99–00009–LKK (PAN).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Jan. 9, 2002.

Before HUG, D.W. NELSON, and
HAWKINS, Circuit Judges.

MEMORANDUM *

Leroy Andreozzi challenges the dismissal of his amended habeas petition for failure to exhaust state remedies. In the time between the dismissal of the petition by the district court and oral argument in this case, the California Supreme Court has denied the amended petition. His petition as it stands before this court is therefore fully exhausted.

This Circuit held in a 1988 case that we may reach the merits of a habeas petition dismissed for failure to exhaust where, as here, the claims have been exhausted prior to this Court's decision. *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir.1988) ("An appellate court, however, may give relief if state remedies are exhausted by the time it acts, even if the remedies were not exhausted when the habeas petition was filed.").[1]

Although we can reach the merits of Andreozzi's petition under *Sunn*, we cannot grant the petition unless we find that the state courts' decision to deny it involved an unreasonable determination of fact or unreasonable application of U.S. Supreme Court precedent. *See* 28 U.S.C. § 2254(d). However, because the California Supreme Court summarily denied the petition without providing any rationale for its decision, the scope of our review is slightly expanded. In cases such as this, we must conduct an independent review of the record to determine whether the state court clearly erred in its application of federal law in a way that is objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.2000).

The problem with this case is that no record exists for us to independently review because the petition was dismissed on procedural grounds by the district court. We therefore believe that the best course of action is to remand the case to the district court for a hearing of the (now exhausted) habeas petition on the merits. This will allow for sufficient development

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The precedential value of *Sunn* is not undercut by the AEDPA. Because Andreozzi's claims are now undisputedly exhausted, a ruling on the merits would not offend the princi-

ples of comity and respect for state court judgments that underlay the AEDPA. *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 2127, 150 L.Ed.2d 251 (2001) (stating that the exhaustion requirement in the AEDPA ensures that state courts have the opportunity to fully consider federal-law challenges to a state custodial judgment).

of the record to permit an independent review as required by *Delgado.*

REMANDED.