Michael James SIRAVO, Petitioner—Appellant,

v.

James H. GOMEZ, Director, Department of Corrections State of California; Attorney General of the State of California, Respondents—Appellees.

No. 01–55590.

D.C. No. CV 97–02744 WJR.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2002.*

Decided April 2, 2002.

Before BEEZER, TASHIMA, and GRABER, Circuit Judges.

MEMORANDUM**

Michael J. Siravo, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. He contends that his due process rights were violated when the state trial court failed to determine sua sponte if there was doubt about his competency to stand trial and to order a hearing regarding his competency to stand trial. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253, and we affirm.

Siravo's habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because his action was filed after the statute became effective on April 24, 1996. *See Lockhart v. Terhune,* 250 F.3d 1223, 1228 (9th Cir.2001). Therefore, habeas relief is available only if the state court's adjudication: "(1) was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Torres v. Prunty,* 223 F.3d 1103, 1107 (9th Cir.2000) (quoting 28 U.S.C. § 2254(d)(1)-(2)); *see Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36–3.

Because the issue was raised for the first time before the California Supreme Court, which provided no reasoning for its denial of relief, we must conduct "an independent review of the record ... to determine whether the state court clearly erred in its application of controlling federal law." *Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000). "[W]hile we are not required to defer to a state court's decision when that court gives us nothing to defer to, we must still focus primarily on Supreme Court cases in deciding whether the state court's resolution of the case constituted an unreasonable application of clearly established federal law." *Fisher v. Roe,* 263 F.3d 906, 914 (9th Cir.2001). Habeas relief cannot be granted "simply because the California Supreme Court's disposition of the case was inconsistent with our own precedent." *Id.*

"[T]he failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *Drope v. Missouri,* 420 U.S. 162, 172, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975) (citing *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)). The test for competency is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam). Due process requires a trial judge to conduct a competency hearing, regardless of whether defense counsel requests one, "whenever the evidence before him raises a bona fide doubt about the defendant's competence to stand trial."

*Odle v. Woodford,* 238 F.3d 1084, 1087 (9th Cir.) (citing *de Kaplany v. Enomoto,* 540 F.2d 975, 979 (9th Cir.1976) (en banc)), *cert. denied,* —— U.S. ——, 122 S.Ct. 201, 151 L.Ed.2d 142 (2001); *see also Pate,* 383 U.S. at 385, 86 S.Ct. 836 (finding the statutory procedure using the "bona fide doubt" standard to be constitutionally adequate). A hearing is not required in the absence of a "substantial" or "bona fide" doubt of competency. *See Hernandez v. Ylst,* 930 F.2d 714, 716 (9th Cir.1991).

While the record before the trial court contained some evidence of mental illness and allegations of bizarre behavior and delusional thinking, a review of the record as a whole convinces us that the California Supreme Court's denial of Siravo's due process claims was not an "unreasonable" application of "clearly established Federal law, as determined by the Supreme Court of the United States" or an "unreasonable" determination of the facts in light of all of the evidence that was before the state courts. *See* 28 U.S.C. § 2254(d)(1)-(2).

First, clearly established federal law does not support Siravo's contention that the extent of the inquiry made by the trial judge to satisfy himself that Siravo was competent to stand trial, which included some direct questioning of the defendant and the bailiff, in addition to the court's observations of the petitioner at trial, and consideration of the evidence presented by defense counsel, was insufficient to satisfy Siravo's constitutional due process rights where the judge had not found a "bona fide doubt" regarding his competence to stand trial.[1]

Second, we conclude that it was reasonable for the state courts to determine that the evidence in this case did not raise a "bona fide doubt" as to Siravo's compe-

---

1. Siravo's claims regarding the insufficiency of the trial court's inquiry are based primarily upon Cal.Penal Code § 1368 and state case law; on habeas review, however, violations of state law are relevant to our analysis only as to whether the trial court's conduct was a denial of Siravo's constitutional due process

tence to stand trial and, accordingly, did not entitle him to a competency hearing under *Pate*, 383 U.S. at 385, 86 S.Ct. 836. The circumstances of this case, which were largely dependent upon the subjective claims of Siravo, did not rise to the level of the substantial evidence of incompetence found to require a hearing in *Pate*, 383 U.S. at 378–85, 86 S.Ct. 836, and *Drope*, 420 U.S. at 179–80, 95 S.Ct. 896. Therefore, in light of the record as a whole, we conclude that the extent of the trial court's inquiry and the failure to hold a competency hearing did not deny Siravo his due process rights.

Accordingly, the judgment of the district court denying Siravo's habeas petition is

AFFIRMED.

rights. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).