**James Duane RADFORD, Petitioner—
Appellant,**

v.

**Robert O. LAMPERT, Superintendent,
Respondent—Appellee.**

No. 01–35429.

D.C. No. CV–99–00247–REJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2002.

Decided April 23, 2002.

Before FLETCHER, O'SCANNLAIN, and BERZON, Circuit Judges.

MEMORANDUM*

James Duane Radford appeals the denial of his petition for habeas corpus, asserting that four statements made by the prosecution in his trial improperly commented upon his decision not to testify, in violation of the Fifth Amendment. We affirm.[1] Because the facts are familiar to the parties, we recount them only as necessary to explain our decision.

"In *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the Supreme Court held that the Fifth Amendment forbids prosecutorial comment on a defendant's decision not to testify." *Unit-* ed States v. Mayans, 17 F.3d 1174, 1185 (9th Cir.1994). "A prosecutorial statement is impermissible if it is manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." *Id.* (citation and internal quotation marks omitted).

1. The prosecutor made the following statement during closing argument:

> And the only person who knows how long the pressure was maintained was the Defendant, the only person in the room that remained conscious during the whole time.

By arguing that only Radford could provide evidence on this aspect of the critical issue of whether he completed a substantial step towards the murder, the prosecutor "naturally and necessarily" pointed out to the jury that Radford did not take the stand in his own defense on this issue. *Id.*; *see also Lincoln v. Sunn*, 807 F.2d 805, 809 n. 1, 809–10 (9th Cir.1987). The state court therefore unreasonably applied the law established in *Griffin* in holding that this comment did not refer to Radford's decision not to testify. *See Van Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir.2000); *see also id.* at 1153–54 (an application of law is objectively unreasonable if it is "clearly erroneous").

2. The prosecutor also argued:

> You know that this guy didn't know, one, there's evidence here that he may have thought he had completed the act. Recall Norma Osborne saying, when I got up, he turned around and saw me. *And you know for certain that he didn't know how long it would take to complete the act.*

1. Radford filed his habeas corpus petition after April 1, 1996, so the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to this case. *See Delgado v. Lewis*, 223 F.3d 976, 979 (9th Cir.2000).

Here, the prosecutor pointed out to the jury only that the evidence that Radford believed he had killed Osborne demonstrated that he did not actually know how long murder by strangulation would take. This statement in no way referred to the fact that Radford did not testify.

3. The prosecutor further stated:

Recall that there's no evidence. She said that she had burned him, but the testimony here was from Norma Osborne. And there's no—evidence comes in from the stand, correct? And you heard the cross-examination about it. You don't have any evidence on the other side to weigh against—

This statement is reasonably understood as a permissible comment on the absence of *any* evidence in support of the self-defense theory, rather than as a comment on Radford's choice not to testify. *See Mayans*, 17 F.3d at 1185 ("While a prosecutor may not draw attention to a defendant's silence, prosecutors are entitled to call attention to the defendant's failure to present exculpatory evidence more generally."). The state court therefore reasonably applied the law when it found this comment did not refer to Radford's decision not to testify. *See Van Tran*, 212 F.3d at 1149.

4. Finally, the prosecutor argued in rebuttal:

Had everyone in the house testify to what happened, except the defendant.

This statement on its face clearly refers to the fact that Radford did not testify. The state court therefore unreasonably applied the law in finding otherwise. *See Van Tran*, 212 F.3d at 1149.

We conclude that the state court reasonably applied the law in holding that two of the four statements at issue made no reference to Radford's failure to testify, but that the two other statements did improperly comment upon this failure.

5. To obtain relief, however, Radford must also demonstrate that he suffered prejudice from the improper commentary. *Brecht v. Abrahamson*, 507 U.S. 619, 623, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (requiring for reversal that the error "had substantial and injurious effect or influence in determining the jury's verdict" or, in other words, "resulted in actual prejudice").

In light of the overwhelming evidence of guilt presented at trial, we cannot conclude that the two improper prosecutorial comments had any effect on the jury's verdict. Instead, we agree with the state trial court that "the evidence was just overwhelming against Mr. Radford," and so must affirm on the ground that Radford has not shown the prejudice necessary to warrant reversal.

The decision of the district court is AFFIRMED.