Eugene Pascual GARCIA, Petitioner—
Appellant,

v.

Rosie GARCIA, Warden, et al.,
Respondents—Appellees.

No. 01–55191.

D.C. No. CV–00–04245–ABC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2002.

Decided Sept. 4, 2002.

Before LAY,\* CANBY, and PAEZ, Circuit Judges.

MEMORANDUM \*\*

Petitioner Eugene Pascual Garcia was convicted for committing a lewd act upon a child under 14 years old in violation of California Penal Code § 288(a) and continuous child abuse in violation of California Penal Code § 288.5. After an unsuccessful direct appeal, Petitioner's state-court petitions for a writ of habeas corpus were denied without comment. Petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal court, which the district court denied.

Petitioner argues that admission of pretrial interviews of the victim, Nicole A., in which law enforcement used "highly suggestive interview tactics," combined with Nicole's memory loss at trial violated his

rights under the Confrontation and Due Process Clauses. Petitioner also maintains that California Evidence Code §§ 1252, 1253, and 1360 were unconstitutional as applied in violation of his rights under the Confrontation and Due Process Clauses, because the hearsay statements did not contain adequate indicia of reliability. After oral argument, we expanded the Certificate of Appealability to include Petitioner's ineffective assistance of counsel claims for trial counsel's failure to object to the introduction of Nicole's hearsay statements and failure to request a limiting instruction with respect to Nicole's mother's testimony. We affirm.

We review de novo the district court's denial of the petition for a writ of habeas corpus. *Wade v. Terhune*, 202 F.3d 1190, 1194 (9th Cir.2000). Petitioner filed his habeas petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA"), and thus AEDPA applies. *See Lindh v. Murphy*, 521 U.S. 320, 326–27, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Because the California Court of Appeal and the California Supreme Court denied the petitions here without comment, our AEDPA review entails conducting an independent review of the record to determine whether the state courts' conclusions were an unreasonable application of clearly established Supreme Court law. *See Fisher v. Roe*, 263 F.3d 906, 914 (9th Cir.2001); *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.2000).

■ Although the trial court never determined whether there were adequate indicia of reliability to warrant admission of the pretrial interviews, Petitioner's rights under the Confrontation Clause were not

---

\* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

violated. Nicole testified at trial and was subject to cross-examination. *See California v. Green*, 399 U.S. 149, 157–64, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970) (holding that the admission of hearsay statements did not violate the defendant's Confrontation Clause rights because the declarant was available at trial for cross-examination); *see also United States v. Valdez–Soto*, 31 F.3d 1467, 1470–71 (9th Cir.1994). We reach this conclusion regardless of the fact that, on direct examination, Nicole could not remember some of the details of the abuse that she had articulated in the pretrial interviews. *See United States v. Owens*, 484 U.S. 554, 558–60, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988). Petitioner made a tactical decision not to cross-examine Nicole about these details. In fact, Petitioner used this to his advantage in closing argument. He argued that, unlike during the pretrial interviews in which the investigators asked Nicole leading questions, when Nicole was "finally asked questions in a non-leading fashion" at trial, she could not remember the answers. Because we find no Confrontation Clause violation in our independent review of the record, we conclude that the state courts' conclusion was not an unreasonable application of Supreme Court law.

■ With respect to Petitioner's due process claim, Dr. Jay Fisher testified for the defense that the interviewers used inappropriate techniques. Specifically, he opined that the interviewers made the following mistakes: "[p]ressure, possible coaching, leading and suggestive questions, intermingling of fantasy and the real, failure to ask appropriate follow-up questions, failure to resolve ... inconsistent, ambiguous and non-sensical elements, promoting reconstruction, instead of recalls, rehearsal, rewards, failure to elicit a free narrative, failure to establish rapport." In light of Dr. Fisher's testimony and Nicole's availability for cross-examination, we conclude that admission of the interviews was not "so extremely unfair that its admission violates fundamental conceptions of justice." *Dowling v. United States*, 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990) (internal quotation marks and citation omitted). Thus, the state courts' conclusion that Petitioner's due process rights were not violated was not unreasonable under AEDPA.

■ Nor are we persuaded that trial counsel rendered ineffective assistance in violation of Petitioner's Sixth Amendment rights. In light of the fact that Nicole was expected to testify at trial, trial counsel made a reasonable tactical decision not to object to introduction of the pretrial interviews and to use Dr. Fisher's testimony about the interviews' deficiencies to attack Nicole's credibility. *See Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, we conclude that the state courts' conclusion constituted a reasonable application of *Strickland*.

■ Although trial counsel erred by failing to request a limiting instruction that the jury could consider Nicole's statements to her mother to show only that Nicole complained, and not for the truth of the matter, Petitioner cannot establish that he was prejudiced by the error. To convict Petitioner, the jury credited Nicole's testimony and/or her pretrial statements about the abuse. Her mother's testimony was therefore unnecessary to establish Petitioner's guilt. In light of the other evidence, there is no "reasonable probability that, but for counsel's unprofessional error[ ], the result of the proceeding would have been different." *Id.* at 694. Because there was no prejudice, the state courts' decisions were not unreasonable under AEDPA.

Finally, because we conclude that there is no merit to Petitioner's claims that trial counsel committed errors that violated Petitioner's constitutional rights, Petitioner's claim for ineffective assistance of appellate counsel also fails. Accordingly, we affirm the judgment of the district court.

AFFIRMED.