Paul Anthony BROWN, Petitioner–
Appellant,

v.

Cal TERHUNE, Director, Respondent—
Appellee.

No. 01–17353.
D.C. No. CV98–2318 SI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 2003.

Decided Feb. 10, 2003.

Before HUG, ALARCÓN, and GRABER, Circuit Judges.

## MEMORANDUM *

Paul Anthony Brown appeals from the denial of his petition for a writ of habeas corpus under 22 U.S.C. § 2254 and the denial of his request for an evidentiary hearing. We affirm.

* This disposition is not appropriate for publication and may not be cited to or by the courts

## I

■ Brown claims that his trial counsel, Arlene West, was ineffective because she failed adequately to investigate potential witness King McCarthy and to ask the trial court to enforce a subpoena against McCarthy. This claim was addressed by the California Court of Appeal. Brown's new evidence is not clear and convincing, and so the state court's factual determinations are entitled to deference. 28 U.S.C. § 2254(e)(1). Because strategic choices by counsel enjoy wide latitude, the state court's determination that West competently represented Brown was not based on an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d).

Brown's other ineffectiveness claims were not explicitly addressed by the California Supreme Court's denial of Brown's habeas petition. We have reviewed the record independently to determine whether the state court erred in its application of federal law. *Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000).

Brown claims that West: (1) failed to investigate witnesses who allegedly could corroborate Michael Baxter's testimony, (2) inadequately prepared Faye Jamerson and Mary Whitehead to appear as defense witnesses, (3) failed to present testimony placing Brown a block or more away from Bosn's Locker before and after the shooting, (4) failed to present an expert on eyewitness testimony, (5) failed to review the trial transcript each day, and (6) failed to rehabilitate Jamerson's testimony. These decisions fall within the wide range of permissible strategic choices under *Strickland'*s competency requirement. *See Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674

of this circuit except as provided by Ninth Circuit Rule 36–3.

(1984). This conclusion is bolstered by the lack of declarations indicating a willingness to testify from Cheryl Haines, Rachelle Spencer, Joey Thomas or any witness who would corroborate Jamerson's testimony. *See Dows v. Wood,* 211 F.3d 480, 486 (9th Cir.2000) (holding that such declarations are necessary to support a petitioner's contention as to the value of a particular witness).

Brown also contends that West was ineffective for (1) failing to examine the funeral program, (2) failing to present Linda Wadsworth's testimony, and (3) failing to present evidence of McCarthy's statements in a motion for a new trial. Although some of these decisions may have been unwise, Brown has failed to show that these potential lapses, independently or cumulatively, resulted in prejudice. *See Strickland,* 466 U.S. at 693 (holding that prejudice requires a showing of the reasonable probability of a different result, not merely a "conceivable effect").

## II

■ Brown contends that he was deprived of his 14th Amendment right to a fair trial because the prosecution introduced and commented on evidence of Brown's involvement in drug dealing. Inappropriate evidence, however, did not pervade the proceedings. The trial court properly instructed the jury that it could not use evidence of Brown's drug dealings or criminal past to draw inferences as to a possible motive. None of the admitted evidence was of the kind permitting only one inference by the jury. Ruling ultimately under *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986), the California Court of Appeal reviewed the cumulative impact of the acts of misconduct and held that they "did not rise to the level of federal constitutional error." The California Court of Appeal's

decision is neither contrary to nor an unreasonable application of decisions of the Supreme Court of the United States. *Penry v. Johnson,* 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001).

## III

Brown contends that the district court erred in denying his motion for an evidentiary hearing on his claims of ineffective assistance of counsel. He argues that, at an evidentiary hearing, he would have presented evidence that McCarthy had stated Brown was "the wrong guy." Brown requested that the state court remove West as his counsel in two proceedings under *People v. Marsden,* 2 Cal.3d 118, 84 Cal. Rptr. 156, 465 P.2d 44 (1970). Brown conceded in district court that, during these proceedings, the state trial court considered the facts regarding the alleged ineffective assistance of counsel claim based on the failure to call McCarthy as a witness at trial. The trial court credited West's representations that she had spoken to McCarthy and that McCarthy had repudiated making a statement that Brown was innocent. The California Court of Appeal upheld the trial court's determination that West was not ineffective. The *Marsden* hearings provided Brown with a full and fair opportunity to present evidence concerning McCarthy's hearsay statement. The district court did not err in concluding that the California Court of Appeal's findings that West's decisions regarding McCarthy were neither contrary to *Strickland* nor an unreasonable application of clearly established federal law. The district court did not abuse its discretion in denying Brown's request for an evidentiary hearing.

With regard to Brown's other ineffectiveness claims, the district court concluded that an evidentiary hearing was unnecessary because Brown would not be

entitled to relief even if his allegations were true. Brown has failed to demonstrate that he was prejudiced by West's litigation strategy.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.