**Jesus Garcia DELGADO,
Petitioner–Appellee,**

v.

**Gail LEWIS, Deputy Warden; Attorney General of the State of California, Respondents–Appellants.**

**No. 97–56162.**

United States Court of Appeals, Ninth Circuit.

Filed Aug. 23, 2000

Sabrina Y. Lane, Deputy Attorney General, San Diego, California, for the respondents-appellants.

Michael B. Dashjian, Templeton, California, for the petitioner-appellee.

Before: PREGERSON, D.W. NELSON, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge:

This appeal returns to us on remand from the Supreme Court for further consideration in light of *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), decided after the issuance of our prior opinion in this case. *See Delgado v. Lewis*, 181 F.3d 1087 (9th Cir.1999) (*"Delgado I"*). After reconsideration, we conclude that *Smith* alters our analysis, but not the result. Thus, we affirm the district court.

I

The factual background of this case was described in *Delgado I*, making it unnecessary for us to detail it here. In brief, Delgado pled guilty in California Superior Court to manufacturing methamphetamine, possession of ephedrine with intent to manufacture methamphetamine, and possession of methamphetamine for sale. His appointed trial counsel did not attend the preliminary hearing, the sentencing hearing or Delgado's signing of the change of plea agreement. At both the sentencing hearing and at the signing of the change of plea agreement, a lawyer for one of Delgado's co-defendants purported to represent Delgado in his own attorney's absence. At the change of plea hearing, Delgado initially stated that, "I have always said I was innocent." After an apparent pause, he then said, "Oh, okay, guilty." At the sentencing hearing, an attorney for one of Delgado's co-defendants was asked to represent Delgado without any prior notice. That attorney acquiesced and then merely left Delgado's fate to the mercy of the court and presented no mitigating evidence. Delgado was never asked if he wished to make a statement in his own behalf. The record is unclear whether Delgado, who speaks very little English, had the benefit of an interpreter. Delgado received the maximum sentence allowable despite having no prior criminal record. His sentence far exceeded those of his co-defendants whose counsel made presentations on their behalf.

Delgado's appointed counsel subsequently filed a request for a certificate of probable cause, which stated that Delgado wanted to appeal his plea because: (1) "the translation to Spanish as well as the advice by the attorney regarding plea negotiations and actual entry of plea were inadequate," and (2) he had wanted to "withdraw his plea prior to sentencing but confusion in translation and attorney communication prevented this from being

raised." The trial court certified the issues for appeal.

Despite the probable cause issue certification, Delgado's new appointed counsel for appeal filed a brief that did not raise any issues or ask for reversal on any ground, but simply invited the California Court of Appeal to conduct an independent review of the record. Delgado filed his own supplemental brief alleging ineffective assistance of trial counsel. The California Court of Appeal affirmed the conviction without opinion. Delgado's *pro per* petition before the Supreme Court of California was also denied without opinion. Delgado then filed a petition for a writ of habeas corpus in the Supreme Court of California, alleging ineffective assistance of both trial and appellate counsel. His petition was denied in a one sentence order.

After properly exhausting his state remedies, *see Delgado v. Lewis*, 168 F.3d 1148, 1151, Delgado then filed a petition for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of appellate counsel. The district court granted the petition. We affirmed the district court in *Delgado I*.

## II

One of the bases for our holding in *Delgado I* that Delgado received ineffective assistance of appellate counsel was his counsel's failure to comply with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) by filing what is known in California as a *Wende* brief. *See People v. Wende*, 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071 (1979). We had previously held that the *Wende* procedure's failure to follow the requirements of *Anders* rendered the *Wende* procedure fundamentally flawed, and therefore resulted in ineffective assistance of appellate counsel per se. *See Davis v. Kramer*, 167 F.3d 494, 496–98 (9th Cir.1999). Thus, under circuit precedent applicable at the time, Delgado's counsel ineffectively assisted Delgado as a

matter of law. In *Smith*, the Supreme Court upheld California's *Wende* procedure as constitutionally adequate. *See* 120 S.Ct. at 763. Thus, on remand we must examine Delgado's claims under the traditional test for ineffective assistance of counsel laid out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## III

Because Delgado filed his federal habeas petition after April 1, 1996, the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") applies to his petition. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir.) (en banc).

On remand, Lewis continues to insist that AEDPA precludes federal courts from granting habeas relief because AEDPA requires complete deference to the state court decision. In *Delgado I*, we explained that nothing in AEDPA requires federal courts to turn a blind eye to state proceedings or to rubberstamp them. Indeed, the plain words of the statute repudiate this idea. Under AEDPA, a federal court may grant habeas relief if a state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West Supp.1998).

Of course, federal habeas proceedings have always been conducted with an overlay of deference to the decisions of the highest appellate state courts. *See, e.g., Miller v. Fenton*, 474 U.S. 104, 112, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985) (noting that federal habeas courts "should, of

course, give great weight to the considered conclusions of a coequal state judiciary."). AEDPA imposes new restrictions on federal habeas review, as Justice O'Connor explained in *Williams v. Taylor,* —— U.S. ——, ——–——, 120 S.Ct. 1495, 1518–21, 146 L.Ed.2d 389 (2000). However, the existence of new statutory restrictions does not mean that federal habeas review has been eliminated, as Lewis seems to suggest. Indeed, to so hold would pose serious Suspension Clause difficulties. Rather, the application of AEDPA requires a more refined approach.

■ Under AEDPA, when examining a claim that the state court has unreasonably applied federal law, our first task is to determine whether the state court erred in its analysis of controlling federal law. *See Tran v. Lindsey* 212 F.3d 1143, 1155 (9th Cir.2000). Then, we assess whether the error was caused by an unreasonable application of controlling federal law under 28 U.S.C. § 2254(d). *See id.* Under *Williams,* an application of federal law is unreasonable only if it is "objectively unreasonable". 120 S.Ct. at 1521.

■ The applicable law which guides our examination is supplied by *Strickland,* which is "clearly established Federal law" under AEDPA. *See Jones v. Wood,* 114 F.3d 1002, 1013 (9th Cir.1997). Under *Strickland,* Delgado must first show that his attorney's performance was deficient in a way that fell below an objective standard of reasonableness. *See* 466 U.S. at 687–88, 104 S.Ct. 2052. Second, he must show that he was prejudiced by the deficient performance to such an extent that the resulting proceedings were unreliable. *See id.* at 687, 104 S.Ct. 2052. Applying that analysis, we conclude that the state court erred in concluding that Delgado received effective assistance of counsel within the meaning of *Strickland.*

■■ There is no doubt that Delgado's trial counsel ineffectively assisted him. As the Seventh Circuit has said, "[t]he Sixth Amendment right to counsel, of course, guarantees more than just a warm body to stand next to the accused during critical stages of the proceedings; an accused is entitled to an attorney who plays a role necessary to ensure that the proceedings are fair." *United States ex rel. Thomas v. O'Leary,* 856 F.2d 1011, 1015 (7th Cir. 1988). Much of Delgado's sojourn through the criminal justice system was unaccompanied by even a lukewarm body. His trial counsel was absent from every single important court proceeding except the hearing on the change of plea. Even then, counsel could not make any representations to the court based on personal knowledge: he relied on others to explain the plea agreement to Delgado and answer his questions. At sentencing, no one spoke for Delgado; he was not even afforded a chance to speak for himself. Every time zealous advocacy was required, Delgado was met only with "paralyzed force, gesture without motion." Imposition of a disproportionate sentence was almost a foregone conclusion. Delgado's counsel's constructive withdrawal from the representation falls far below any objective standard of reasonableness. *See Martin v. Rose,* 744 F.2d 1245, 1250–51 (6th Cir.1984).

■ Delgado fared even worse in the state appellate system. To establish objectively unreasonable appellate performance under *Strickland,* Delgado must show that his counsel "unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith,* 120 S.Ct. at 746. The appellate issues in this case would seem self-evident. However, we are not alone in that assessment: the state trial court certified that probable cause existed as to two appellate issues. Indeed, probable cause certification by the court was a prerequisite to an appeal from a guilty plea under Cal.Penal Code § 1237.5. The purpose of requiring the trial court to exercise its judgment as to whether probable cause exists for an appeal is to screen out frivolous guilty and *nolo contendre* appeals. *See People v.*

*Mendez*, 19 Cal.4th 1084, 81 Cal.Rptr.2d 301, 969 P.2d 146, 153 (1999).

Despite that certification, Delgado's appointed appellate counsel filed a brief representing to the California Court of Appeal that no non-frivolous appellate issues existed. Although we now know that the submission of a *Wende* brief passes constitutional muster under a *Smith* analysis, the question of whether it constitutes effective assistance of counsel under *Strickland* is an entirely different matter, to be resolved by the facts presented by a particular case. To represent to an appellate court that there were no non-frivolous issues after a state trial court had issued a probable cause certification to the contrary would be unusual in any case; here, given the very viable appellate issues, counsel's performance did not comport with the very forgiving *Strickland* standard.

■■ Having determined that Delgado did not receive effective assistance of counsel, we must decide whether he was prejudiced thereby. *See Strickland,* 466 U.S. at 697, 104 S.Ct. 2052. Of course, prejudice is presumed in cases where a defendant goes unrepresented by counsel. *See United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Strickland,* 466 U.S. at 685, 104 S.Ct. 2052. This is true whether the denial was actual or constructive. *See id.* at 692, 104 S.Ct. 2052. There is no dispute that Delgado's attorney was not present at his sentencing. It is true that an attorney for a co-defendant addressed the trial court on Delgado's behalf. However, she did not argue for Delgado; she simply stated that his case should be submitted on the record. Although doubtless well-intentioned, this presentation was clouded by an inherent conflict of interest; thus, it cannot serve to cure the absence of Delgado's own attorney. Indeed, prejudice must be presumed in cases where a defendant can show that there is an actual conflict of interest in an attorney's representation of a client. *See Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Flana-*

*gan v. United States,* 465 U.S. 259, 268, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). The results were predictable: every defendant who had an attorney present received a lighter sentence. Delgado received the maximum.

Delgado was also prejudiced by the performance of his appellate counsel because, as we now know, there were deficiencies in the trial court proceedings significant enough to warrant reversal and vacation of the plea.

Thus, we conclude that the state court erred in its determination that Delgado received effective assistance of counsel within the meaning of *Strickland.*

## IV

■ Our conclusion that the state court erred in its application of "clearly established Federal law" does not suffice to afford Delgado federal habeas relief. We must also determine whether the state court's decision was objectively unreasonable. *See Williams,* 120 S.Ct. at 1521–22. In assessing this, our inquiry under *Tran* is whether the state court clearly erred, in other words, whether we are left "with a definite and firm conviction that an error has been committed." 212 F.3d at 1153 (internal quotation and citation omitted). Absent clear error, the deference we owe state court decisions dictates a denial of habeas relief, even when we conclude that a legal error has been committed.

Our examination of the state court's decision is impeded in this case because no rationale for its conclusion was supplied. Thus, we cannot perform our evaluation under the models suggested by Justice O'Connor in *Williams:* a state court correctly identifying governing legal rules, but applying it unreasonably to a factual situation; or a state court unreasonably extending "a legal principle to a new context where it should not apply." 120 S.Ct. at 1520. When a state court does not furnish a basis for its reasoning, we have no basis other than the record for knowing

whether the state court correctly identified the governing legal principle or was extending the principle into a new context. The conclusion inherent in Lewis's argument is that state court judgments can be insulated from habeas review in federal courts simply by failing to provide any reasoned explanation for the disposition. We reject this argument now, just as we did in *Delgado I*.

In *Delgado I* we concluded that "[a]bsent a reasoned explanation, federal courts are left simply to speculate about what 'clearly established law' the state court might have applied, as well as how it was applied." *Delgado*, 168 F.3d at 1152. Thus, we accordingly concluded that, in such circumstances, the state court decisions do "not warrant the deference we might usually apply" and that "the district court properly deduced that it was left with no alternative but to review independently the claims of the petition." *Id.* at 1152–53.

 Williams, which was decided after *Delgado I*, does not address directly the analysis to be used when federal courts are presented with a state court decision that is unaccompanied by any *ratio decidendi*. However, although we cannot undertake our review by analyzing the basis for the state court's decision, we can view it through the "objectively reasonable" lens ground by *Williams*. The resulting analytical process result is consistent with our interpretation in *Delgado I*. Federal habeas review is not *de novo* when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law. *See Tran*, 212 F.3d at 1153. Only by that examination may we determine whether the state court's decision was objectively reasonable.

Applying this analysis to the instant case, there is no question that the state court clearly erred in its legal analysis. The record before us, the same record before the California Court of Appeal and the California Supreme Court, reveals a total failure of the legal system to provide even a modicum of acceptable representation to Delgado. In short, this is not a "close" or "difficult" case in any way and we can be left with little but a "definite and firm conviction that an error has been committed." *Tran*, 212 F.3d at 1153. Therefore, we conclude that the state court unreasonably applied clearly established federal law under AEDPA.

Accordingly, we affirm the judgment of the district court granting the writ of habeas corpus.

AFFIRMED.