Antonio STARR, Petitioner–Appellant,

v.

**Frank POWELL; Attorney General of the State of California, Respondents–Appellees.**

No. 00–55888.

D.C. No. CV–97–05154–WDK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 2, 2001.

Decided May 2, 2001.

Before HUG, DUHÉ,* and TALLMAN, Circuit Judges.

MEMORANDUM **

Antonio Starr ("Starr") appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253, and we AFFIRM.

1. Starr contends that a substantial amount of irrelevant and highly prejudicial evidence was admitted at his trial which so infected the proceedings as to deny him due process. This evidence consisted of a "hard-core" pornographic video tape; a collection of sexually-explicit photographs that Starr took of nude women; and a set of diaries in which Starr had recorded numerous entries describing women he had seen on the street, including their license plate numbers and sexually-explicit comments.

We acknowledge that whether this evidence was admissible is a close question. However, we think it was proper because (1) the fact that Starr either showed the video tape to his minor stepdaughter or watched it while she was in the room demonstrated that he had a sexual interest in her, and was therefore relevant to Starr's motive to commit the offenses charged, *see* Cal. Evid.Code § 1101(b); and (2) the photographs and diaries were admissible to rebut the defense's assertions of Starr's good character, specifically, that he was a pious and religious Christian who had "normal" sexual desires. Both parties agree that the prosecution may offer character evidence to rebut the de-

---

* The Honorable John M. Duhé Jr., Senior Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

fense's character evidence. *See* Cal. Evid. Code § 1102; *People v. Raley,* 2 Cal.4th 870, 8 Cal.Rptr.2d 678, 830 P.2d 712, 739–40 (Cal.1992).

Out of an abundance of caution, however, we will assume that the evidence was improperly admitted and proceed to the next step of our analysis. This appeal is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat 1214 ("AEDPA"). Under AEDPA, a federal court may not grant a writ of habeas corpus to a state prisoner

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

■ The Supreme Court has explained, with respect to the "unreasonable application" clause, that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Our court has likened the "unreasonable application" standard to the doctrine of "clear error," and has held that it permits the grant of a habeas petition only when we have a "firm conviction" that the state court has rejected a correct legal argument by the petitioner in favor of an erroneous application of clearly established federal law. *Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.), *cert. de-*

nied, —— U.S. ——, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta," of the Supreme Court. *Williams,* 529 U.S. at 412, 120 S.Ct. 1495.

■ In this case, the state supreme court did not explain its reasoning for rejecting Starr's due process claim, so we must conduct "an independent review of the record ... to determine whether the state court clearly erred in its application of controlling federal law." *Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000) (citations omitted). Federal courts may not grant habeas relief for violations of state evidence rules. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). However, Starr contends that the state court in his case unreasonably applied clearly established federal law, as articulated by the Supreme Court in *Romano v. Oklahoma,* 512 U.S. 1, 12–13, 114 S.Ct. 2004, 129 L.Ed.2d 1 (1994), that the admission of improper evidence may render a criminal trial so unfair as to deny the defendant due process.

■ Assuming without deciding that such a clearly established rule exists, our review of the record leads us to conclude that the state court did not err in applying it to Starr's case, much less unreasonably so. Although the challenged evidence was undoubtedly provocative, we do not believe that its admission, even if erroneous, unduly prejudiced Starr or denied him a fair trial such that the Due Process Clause has been offended. Moreover, even assuming the state court erred in concluding there was no due process violation, we do not have a firm conviction that this error was clear.

2. Next, Starr asserts that he was denied effective assistance of counsel when his attorney failed to object on relevance grounds to the playing of the pornographic

video tape for the jury. He also argues that counsel should have objected on the grounds that even if the tape was relevant, its prejudicial effect outweighed its probative value under section 352 of the California Code of Evidence.

The California Court of Appeal rejected this claim because it determined that it was "highly unlikely the trial court would have sustained either a relevancy or a section 352 objection to the jury viewing the videotape." *In re Antonio Starr,* No. B091106 (Cal.Ct.App. July 29, 1995) (order denying petition for writ of habeas corpus). The court of appeal reasoned that the tape was probative of Starr's "desire to induce [his stepdaughter] to engage in sexual activities with him" and that its potential prejudicial effect did not outweigh its probative value. *Id.*

■ We find no error in the state court's determination that the video tape was highly probative of Starr's motive to commit the offenses charged. However, even if we were to conclude that the tape was irrelevant and improperly admitted at the trial, we see no erroneous or unreasonable application of clearly established federal law by the state court. In order to grant relief based on ineffective assistance of counsel, the court must determine that defense counsel committed acts or omissions that were not the result of reasonable professional judgment. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, the court must find that the act or omission was so prejudicial to the defendant that there is a reasonable probability that but for the error, the result of the trial would have been different. *Id.* at 694, 104 S.Ct. 2052. A defendant suffers no prejudice from counsel's failure, however, when there is a reasonable probability that defense counsel's objection, even if made, would not have been sustained. *See Rupe v. Wood,* 93 F.3d 1434, 1445 (9th Cir.1996)

(holding that defendant suffered no prejudice because of reasonable probability that his counsel would not have prevailed on issue on appeal even if it had been raised); *James v. Borg,* 24 F.3d 20, 27 (9th Cir. 1994) (reasoning that motion to strike would have been futile in part because judge had already denied a similar motion).

We note that when Starr's attorney moved for a new trial on the basis that the tape was overly prejudicial, the trial judge ruled that admitting the tape was not error. Additionally, Starr himself points out that it was the trial judge's suggestion, not the prosecution's, to play the tape in its entirety. Therefore, we agree with the state appeals court that any relevancy or section 352 objection would have been futile and counsel's failure to object was not prejudicial to Starr, as required under *Strickland.* There is no reasonable probability that but for any error, the outcome of Starr's trial would have been different. Therefore the state court did not render a decision involving an unreasonable application of clearly established federal law. The district court did not err in denying Starr's petition for a writ of habeas corpus.

AFFIRMED.