**David Thayne SMITH, Petitioner—Appellant,**

v.

**Edward S. ALAMEDIA, Jr., Warden, et al., Respondents—Appellees.**

No. 00–57175.

D.C. No. CV–97–01925–ER–AJW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2002.

Decided Jan. 31, 2002.

Before SCHROEDER, Chief Judge, CUDAHY,\* and McKEOWN, Circuit Judges.

## MEMORANDUM\*\*

This case arises from the state conviction of David Smith for the murder of Drake Hansen. Pursuant to a certificate of appealability granted by this court, Smith appeals the district court's denial of habeas corpus relief on three claims. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.

Smith first argues that the trial court improperly admitted tape recorded statements that he made to the police during an interview at the stationhouse, in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Contrary to the state's position, this claim

---

\* The Honorable Richard Cudahy, Senior United States Circuit Judge for the United States Court of Appeals, Seventh Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

was not procedurally defaulted because it was summarily denied on the merits by the California Supreme Court. *Harris v. Superior Court,* 500 F.2d 1124 (9th Cir.1974) (en banc). Upon independent review of the record, however, we hold that Smith has not shown that it was an unreasonable application of Supreme Court precedent to conclude that he was not in custody when these statements were made. *See California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (per curiam); *Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (per curiam); *Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000).

 Similarly, Smith has not shown that the statements that he made to the police on his front porch were admitted in violation of *Miranda.* The factual findings of the state court were not clearly erroneous. Nor was the legal conclusion that Smith was not in custody for the purposes of *Miranda* when he made the statement an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d); *Stansbury v. California,* 511 U.S. 318, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994).

 Smith further argues that the admission of this statement violated *Miranda* because the statement was made in response to continued interrogation after he had invoked his right to have an attorney present. *See Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). This claim does not appear to have been exhausted in state court,[1] but we may nonetheless deny it on the merits. 28 U.S.C. § 2254(b)(2). Based on the evi-

dence in the record, the admission of the statement was not unreasonable.

 Finally, Smith argues that the prosecutor impermissibly commented on his post-*Miranda* silence, in violation of *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Even if error, we cannot conclude that this isolated comment had a "substantial and injurious effect or influence in determining the jury's verdict." *Bains v. Cambra,* 204 F.3d 964, 977–78 (9th Cir.) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)), *cert. denied,* 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000).

AFFIRMED.

---

1. Smith's introduction of the evidence supporting this claim in his objection to the magistrate's report was sufficient to preserve the issue for appeal, in the absence of a reasoned decision by the district court to refuse to

consider the evidence on procedural grounds. *See United States v. Howell,* 231 F.3d 615, 622–23 (9th Cir.2000).

