**Dirk John THOMAS, Petitioner–Appellant,**

v.

**Linda CLARKE, Warden, Respondent–Appellee.**

**No. 01–56109.**

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2003.*

Decided June 12, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: THOMAS, PAEZ, Circuit Judges, and REED, District Judge.**

MEMORANDUM ***

Petitioner–Appellant Dirk John Thomas ("Thomas") appeals the district court's denial of his petition for a writ of habeas corpus. Thomas was convicted of receiving stolen property, in violation of California Penal Code § 496(a), and sentenced to 25 years to life in prison with the possibility of parole under California's three-strikes law, California Penal Code § 667(e)(2)(A). This court granted a Certificate of Appealability limited to the issue of whether Thomas' 25 years to life sentence constituted cruel and unusual punishment in violation of the Eighth Amendment. We review *de novo* the district court's denial of Thomas' habeas petition, *Luna v. Cambra*, 306 F.3d 954, 959 (9th Cir.), *as amended by* 311 F.3d 928 (9th Cir.2002), and affirm.

Because Thomas filed his habeas petition in 1999, his appeal is governed by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires us to determine if the state court's denial of Thomas' habeas petition was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Ordinarily, we look to the state court's last reasoned decision to make this determination. *See Shackleford*

*v. Hubbard*, 234 F.3d 1072, 1079 n. 2 (9th Cir.2000). Here, however, two state courts summarily denied Thomas' habeas petition without explanation, and the court of appeals did not consider the constitutional challenge on direct appeal. We thus conduct an independent review of the record to determine whether the state court's denial was objectively reasonable. *Luna*, 306 F.3d at 960; *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.2000). We conclude that it was.

As the Supreme Court recently made clear in *Lockyer v. Andrade*, the "only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Andrade*, — U.S. —, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); and *Rummel v. Estelle*, 445 U.S. 263, 272, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)). The Court concluded in *Andrade* that two consecutive 25–years–to–life sentences with the possibility of parole, imposed under California's three-strikes law on the basis of two petty theft convictions, did not amount to cruel and unusual punishment. *Id.* at 1175; *see also Ewing v. California*, — U.S. —, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (holding that a sentence of 25 years to life imposed for felony grand theft under California's three-strikes law did not violate the Eighth Amendment).

On the basis of *Andrade* and *Ewing*, we conclude that Thomas' case was not one of

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

those "exceedingly rare" sentences fitting within the contours of the "gross disproportionality" principle. Accordingly, the judgment of the district court is AFFIRMED.

---

* The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.