**William W. LEGG, III, Petitioner— Appellant,**

v.

**ANA M OLIVAREZ; et al., Respondents— Appellees.**

No. 01–56767.

D.C. No. CV–96–01260–TJH.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 15, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM **

California state prisoner William W. Legg, III appeals the district court's dis-

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

missal of his petition for a writ of habeas corpus challenging his jury trial conviction and 26–years–to–life sentence for first degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm. Substantive review of this petition is governed by pre-Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) standards and precedent because Legg filed his petition prior to the effective date of AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Mancuso v. Olivarez*, 292 F.3d 939, 949 (9th Cir.2002). An independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law because the state court did not supply reasoning for its decision. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.2000).

Legg contends that the trial court erred in denying his claim that the jury's alleged inadvertent receipt of extraneous material "had a substantial and injurious effect on, and influenced, the jury's verdict." We are not persuaded. Legg has not provided evidence that any juror was in receipt of extrinsic material, and the record does not indicate that the jury verdict was prejudiced. *Cf. Dickson v. Sullivan*, 849 F.2d 403, 405–06 (9th Cir.1988) (finding a reasonable possibility that the material affected the verdict when a deputy sheriff made a statement to two jurors regarding defendant's prior bad acts). Accordingly, the district court properly dismissed the petition.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Petitioner's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.