**Adam CASTILLO, Petitioner–
Appellant,**

v.

**Larry SMALL, Warden, Respondent–
Appellee.**

No. 02–57127.
D.C. No. CV–98–09051–FMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 2004.

Decided March 12, 2004.

Andrew E. Rubin, Los Angeles, CA, for Petitioner–Appellant.

Lawrence M. Daniels, AGCA–Office of the California, Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

## MEMORANDUM*

Adam Castillo appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Castillo was convicted of state charges of first degree murder and assault with a firearm, in violation of California Penal Code Sections 187(a) and 245(a)(2), respectively. In his petition, Castillo claims that he received ineffective assistance of counsel at trial because trial counsel did not request a "pinpoint" jury instruction on premeditation and deliberation, and did not call an expert witness to testify on the effects of ingesting phencyclidine (PCP). We have jurisdiction under 28 U.S.C. § 2253(a) and affirm.[1]

Criminal defendants are guaranteed the right to effective assistance of counsel under the Sixth Amendment to the United States Constitution. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish that Castillo was deprived of effective assistance of counsel, Castillo must demonstrate that trial counsel's performance fell below an objective standard of reasonableness,[2] and that counsel's defective performance actually prejudiced him. *Id.* at 688, 693, 104 S.Ct. 2052.

■ Castillo's claim that he received ineffective assistance of counsel because trial counsel did not request a "pinpoint" jury instruction on deliberation and premeditation is without merit. The jury instructions given by the trial court properly stated that for the jury to find Castillo guilty of first degree murder, the jury was required to find that Castillo acted with deliberation and premeditation. The jury instructions, as given, did not prevent Castillo from arguing that due to his alleged voluntary intoxication, he did not actually form the deliberation and premeditation necessary for first degree murder. Castillo cannot establish that he received ineffective assistance of counsel on this basis.

■ The California state courts also properly rejected Castillo's ineffective as-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review de novo the district court's judgment denying Castillo's § 2254 petition. *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir. 2000). Habeas relief is not available to Castillo unless the underlying state court decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court. *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003) (quotation omitted); 28 U.S.C. § 2254.

We review the last reasoned decision of a state court as the basis of the state court's judgment. *Powell v. Galaza*, 328 F.3d 558, 563 (9th Cir.2003). With regard to Castillo's jury instruction claim, the last reasoned decision is that of the California Supreme Court in its published opinion, *People v. Castillo*, 16 Cal.4th 1009, 68 Cal.Rptr.2d 648, 945 P.2d 1197 (1997). With regard to Castillo's expert witness claim, we conduct an independent review of the record because the California state courts did not provide a reason for their rejection of this claim. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.2000).

2. *Strickland* further provides that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689, 104 S.Ct. 2052.

sistance of counsel claim regarding trial counsel's decision not to call a PCP expert. Castillo did not establish what testimony a PCP expert witness, if called, would have given regarding Castillo's mental state on the night of the October 2, 1992 shooting. *Grisby v. Blodgett,* 130 F.3d 365, 373 (9th Cir.1997) ("Speculation about what an expert could have said is not enough to establish prejudice [under *Strickland*]."). No drug tests were performed on Castillo on the night of his arrest. Any PCP expert could have testified only to the general effects of PCP. *Murtishaw v. Woodford,* 255 F.3d 926, 948 (9th Cir.2001) (holding that trial counsel was not ineffective where counsel did not obtain blood samples for PCP testing because "[t]he tests would not have pinned down the dates on which [defendant] used PCP, nor would they have shown that [defendant] was intoxicated by PCP at the time of the shootings."). Castillo cannot establish that trial counsel's performance fell below an objective standard of reasonableness, or that counsel's performance actually prejudiced him, on the basis that trial counsel did not call a PCP expert. *Strickland,* 466 U.S. at 688, 693, 104 S.Ct. 2052. We cannot conclude that the California state courts' rejection of this constitutional claim was objectively unreasonable.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).