**Juan TAPIA, Petitioner—Appellant,**

v.

**Steven J. CAMBRA, Jr., Warden, Director/Warden California Department of Corrections, Respondent—Appellee.**

No. 02–5694.

D.C. No. CV–01–00508–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Dec. 8, 2004.

Before SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Juan Tapia appeals the district court's denial of his petition for writ of habeas corpus challenging his California jury trial conviction and life sentence for attempted murder, assault with a firearm, and shooting into an inhabited building in participation with a criminal gang. Tapia claims various violations of his right to effective assistance of counsel under the Sixth Amendment.

The principal ineffectiveness claim involves the failure of his brother to testify. After the trial started, Juan's co-defendant and brother, Pedro Tapia, offered to take the stand and say that Juan was not at the shooting. Both Juan's attorney and Pedro's attorney instructed Pedro not to testify. Juan's attorney already had seven alibi witnesses, Pedro had never mentioned this testimony to anyone prior to trial, and Pedro's principal defense was that Pedro himself had not been at the shooting. The California Court of Appeals correctly recognized that Juan's attorney acted reasonably in both Juan's and Pedro's best interests, and that Juan's attorney was legitimately concerned about the veracity of Pedro's proposed testimony.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant habeas relief if the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *Lockyer v. Andrade,* 538 U.S. 63, 70–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); *Delgado v. Lewis,* 223 F.3d 976, 979 (9th Cir.2000). As the California Court of Appeals recog-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

nized, in order to establish a violation of his Sixth Amendment rights based on his attorney's conflict of interest, Juan was required to show that "an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The state court's conclusion that Juan's attorney's advice to Pedro did not adversely affect Juan's trial was not objectively unreasonable. The court's rejection of Juan's other allegations of ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 687–690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), was also in accordance with federal law and objectively reasonable.

AFFIRMED.