**Maurice Simeon KING, Petitioner—
Appellant,**

v.

**Edward ALAMEIDA, Warden,
Respondent—Appellee.**

No. 02–56679.

D.C. No. CV–00–01993–BTM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 24, 2005.*

Decided May 16, 2005.

Maurice Simeon King, San Diego, CA, .
pro se.

Garrett Beaumont, Deputy Atty. Gen.,
Attorney General, AGCA–Office of The
California Attorney General, San Diego,
CA, for Respondent–Appellee.

Before SKOPIL, BOOCHEVER, and
LEAVY, Circuit Judges.

MEMORANDUM**

Maurice Simeon King appeals the dis-
trict court's denial of his habeas corpus
petition. We granted a certificate of ap-
pealability on the issue "whether trial
counsel rendered ineffective assistance in
violation of the Sixth Amendment by fail-
ing to move to suppress, pursuant to the
Fourth Amendment, evidence seized as a
result of petitioner's initial detention and
subsequent arrest." We affirm.

No state court decision explained why
the warrantless search of King did not
violate the Fourth Amendment. The fed-

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

eral courts therefore independently review the record to determine whether under AEDPA the state court properly denied habeas relief, focusing on whether under Supreme Court cases the state court's resolution of the case was an unreasonable application of clearly established federal law. *See Greene v. Lambert,* 288 F.3d 1081, 1088–89 (9th Cir.2002).

Under *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), King is required to show that his counsel's performance was objectively unreasonable and that he was prejudiced by the deficient performance "to such an extent that the resulting proceedings were unreliable." *Delgado v. Lewis,* 223 F.3d 976, 980 (9th Cir.2000). If the search comported with the Fourth Amendment, King was not prejudiced by the failure to move to suppress evidence. An independent review of the record shows that the officer was not unreasonable in patting down King, who had been observed slipping something into his waistband, and who seemed drunk and smelled of liquor. This was a reasonable application of *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), which held that when a police officer observes conduct which leads him reasonably to believe that a person may be armed and dangerous, identifies himself as a policeman and makes reasonable inquiries, and conducts a carefully limited search of outer clothing to discover weapons, the search is constitutional.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.