**Walter STEPHENS, Petitioner—Appellant,**

v.

**James E. TILTON,\* in his capacity as Head of the California Department of Corrections, Respondent—Appellee.**

**No. 05–17273.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2007.

Filed July 11, 2007.

\* James E. Tilton, the current head of the California Department of Corrections, is substituted for C.A. Terhune, pursuant to Fed. R.App. P. 43(c).

Clifford Gardner, Esq., Law Offices of Cliff Gardner, Oakland, CA, for Petitioner–Appellant.

Morris Lenk, Esq., William Michael Kuimelis, ADAG, AGCA—Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: HAWKINS, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM **

Walter Stephens was convicted by a California jury of second-degree murder for

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

killing his neighbor, Bob Hall. Stephens asserted during the trial that he killed Hall in self-defense, claiming in part that he initially shot Hall because he believed Hall had a gun and was planning to shoot Stephens. The district court had jurisdiction over this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 2253. We review the district court's denial of the writ de novo, *see* *Menendez v. Terhune*, 422 F.3d 1012, 1025 (9th Cir.2005), and we now affirm.[1]

Stephens first contends that his trial counsel rendered ineffective assistance by failing to introduce evidence corroborating Stephens's testimony that he believed at the time he shot Hall that Hall owned firearms. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). At trial, Stephens testified that neighbors told him Hall owned firearms and had once shot a snake. Trial counsel failed to call the neighbors or Stephens's brother to confirm these statements.

The California Supreme Court rejected this contention without providing any reasoning. Therefore, we "independently review the record to determine whether the state court clearly erred in its application of Supreme Court law." *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir.2002) (citing *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir.2000)). We, nevertheless, must give deference to the state court's ultimate decision. *Pirtle*, 313 F.3d at 1167.

▮ The failure to offer the testimony does not undermine confidence in the ultimate outcome of the trial. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Stephens's story of self-defense contains internal inconsistencies that persist even if one accepts as true the fact that others told him Hall was a gun owner and had once shot a snake; indeed, they persist even if one accepts as true the claim that Stephens initially believed Hall had a gun. First, Stephens failed to explain why he ran toward Hall after shooting him rather than running away. This behavior is consistent with an attack, not a defense. Second, and most importantly, Stephens knew Hall was unarmed when he killed Hall because he realized upon approaching Hall that the glinting metal was from a thermos bottle, not a gun. Despite realizing Hall was unarmed and possibly wounded, Stephens began to strike Hall with the butt of his gun.

▮ Stephens testified he was "fighting for [his] life" when he killed Hall because Hall had lured him into a vulnerable position where Hall could kill Stephens with impunity. But after issuing this bald statement, Stephens offered no explanation of how he thought Hall had the capacity to kill Stephens, given Stephens's awareness that Hall possessed only a thermos. Even imperfect self-defense requires the offender to hold a genuine belief that he will suffer imminent harm, which necessitates some explanation of how the offender believes such harm could occur.[2]

1. Because the parties are familiar with the factual and procedural background of this case, we do not recite it here except as necessary to aid in understanding this disposition.

2. The jury was instructed on imperfect self-defense, as follows:

A person who kills another person in the actual but unreasonable belief in the necessity of defending against imminent peril to life or great bodily injury, kills unlawfully, but does not harbor malice aforethought and is not guilty of murder. This would be so even though a reasonable person in the same situation, seeing and knowing the same facts, would not have had the same belief. Such an actual but unreasonable belief is not a defense to the crime of voluntary or involuntary manslaughter.

Lacking any explanation whatsoever, Stephens's statement that he was fighting for his life does not, standing alone, support a genuine or reasonable fear of imminent harm.

Keeping in mind the deference owed to the state court's ultimate denial of Stephens's habeas petition, we conclude that Stephens has not established prejudice under the *Strickland* standard.

■ Stephens also contends that his right to present a meaningful defense was violated by the trial court's exclusion of evidence that Hall actually did own firearms. The California Court of Appeal's opinion constitutes the last reasoned decision to consider the evidentiary issues raised here. We find no error in that disposition. *See* 28 U.S.C. § 2254(d)(1); *Franklin v. Johnson,* 290 F.3d 1223, 1233 & n. 3 (9th Cir.2002).

■ The trial court did not err in excluding testimony of incidents in which neighbors Mike Moreland and Peter Sigmund became aware of Hall's gun ownership. During the pre-trial hearing on this evidence, defense counsel acknowledged that the testimony was relevant only to the extent that Stephens knew of the incidents, and there was no evidence presented at the pre-trial hearing that Stephens did know of the incidents. The trial court indicated that the rulings could be revisited depending on the content of Stephens's testimony, but after Stephens testified, defense counsel did not move to admit the Mike Moreland or Peter Sigmund testimony that Stephens now argues is essential to corroborate his trial testimony. His claim of constitutional error based on the

trial court's exclusion of such evidence is therefore unfounded.

■ Similarly, the trial court did not err in excluding testimony of a police officer that he found a gun in Hall's home after the murder, where there was no evidence that Stephens knew of the existence of that gun. That testimony could impact neither the honesty nor reasonableness of Stephens's belief that Hall was holding a gun when Stephens shot him.

**AFFIRMED.**

---

As used in this instruction, an imminent peril or danger means one that is apparent, present, immediate and must be instantly dealt with, or must so appear at the time to the slayer. However, this principle is not

available and malice aforethought is not negated if the defendant, by his own unlawful or wrongful conduct, created the circumstances which legally justified his adversary's use of force, attack or pursuit.