**Thomas BRAND, Petitioner–Appellant,**

v.

**Jackie CRAWFORD; Ely State Prison; E.K. Mcdaniel; Nevada Department of Prisons; Brian Sandoval, Respondents–Appellees.**

No. 06–16356.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2007.

Nov. 13, 2007.

Lori C. Teicher, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Robert E. Weiland, Attorney General, Reno, NV, for Respondents–Appellees.

Before: THOMAS, TALLMAN, and IKUTA, Circuit Judges.

4

## MEMORANDUM *

The district court properly concluded that petitioner Thomas Brand was not entitled to federal habeas corpus relief under 28 U.S.C. § 2254 because it was not objectively unreasonable for the Nevada courts to conclude that Brand failed to establish sufficient grounds for relief. Even if we assume the state courts did not address the merits of Brand's ineffective assistance of counsel claims, our own review satisfies us that the testimony linking Brand to five armed robberies was not impermissibly suggestive and his attorney was not constitutionally ineffective for not moving to suppress Brand's identification. Our independent review of the record does not compel the opposite result. *Delgado v. Lewis*, 223 F.3d 976, 981–82 (9th Cir.2000). The procedures employed by law enforcement officers in showing the victims photographic montages of potential suspects satisfied constitutional safeguards. *See United States v. Beck*, 418 F.3d 1008, 1012 (9th Cir.2005) (explaining that "[s]uppression of such evidence is appropriate only where the photospread was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification") (internal citations and quotations omitted).

Importantly, the record shows that Brand's trial attorney competently cross-examined prosecution witnesses during the preliminary hearing as to the reasons why each victim identified Brand as the perpetrator of the robberies, the witnesses' relative degree of certainty, and the factors influencing their in-court identifications, bringing to light inconsistencies to challenge the testimony. Consequently, Brand's attorney appropriately could have determined that a subsequent, pretrial motion to suppress would have been futile.

\* This disposition is not appropriate for publication and is not precedent except as provided

*See James v. Borg*, 24 F.3d 20, 27 (9th Cir.1994) (explaining that "[c]ounsel's failure to make a futile motion does not constitute ineffective assistance of counsel").

**AFFIRMED.**