**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC WILTON BURTON, | No. 11-56873 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-00325-LAB-POR |
| v. | |
| MATTHEW L. CATE, Secretary CDCR, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted July 10, 2013
Pasadena, California

Before: WARDLAW, BYBEE, and NGUYEN, Circuit Judges.

Eric Wilton Burton appeals the district court's judgment denying his petition

for habeas corpus. The district court granted Burton's application for a certificate

of appealability with respect to his two claims that the state trial court violated his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975). We affirm.

Burton has presented at least five distinct *Faretta* claims. Burton's federal habeas petition asserts that the state trial court violated his Sixth Amendment right to represent himself by failing to rule on (1) his oral *Faretta* motion on March 16, 2005, and (2) his handwritten *Faretta* motion on June 1, 2005. On direct appeal before the California Court of Appeal, Burton alleged violations of his right to self-representation based on the trial court's treatment of (3) his oral *Faretta* request on March 24, 2005, (4) his oral *Faretta* request on June 1, 2005, and (5) his written *Faretta* request filed on July 7, 2005. In a reasoned opinion, the California Court of Appeal rejected Burton's contentions. Notably, Burton did not mention on direct appeal either of the two claims that have been certified for our review—(1) the March 16 oral *Faretta* motion or (2) the June 1 handwritten *Faretta* motion. Consequently, the reasoned decision issued by the California Court of Appeal did not address these two claims.

In the meantime, Burton filed a state habeas petition alleging in more general terms that the state trial court violated his right to self-representation by failing to rule on multiple *Faretta* motions. The California Court of Appeal summarily denied Burton's habeas petition on the same day that it issued the

reasoned opinion addressing his direct appeal. The California Supreme Court then summarily denied Burton's petition for review of his direct appeal and his habeas petition in separate orders.

Assuming that Burton exhausted the two claims at issue here by contending in general terms in his state habeas petition that the trial court failed to rule on his multiple *Faretta* motions, we reach the merits of Burton's petition.[1] Burton's claims that the trial court failed to rule on (1) the March 16 oral *Faretta* motion and (2) the June 1 handwritten *Faretta* motion were not addressed by the California courts in a reasoned opinion because, as noted, they were raised only in the state habeas petition that was summarily denied.

We presume that the summary dismissal of Burton's state habeas petition was an adjudication on the merits. *Harrington v. Richter*, 131 S. Ct. 770, 784–85 (2011). Since the state court did not supply its own reasoning, we must "determine what arguments or theories supported or, as here, could have supported, the state-court's decision; and then [we] must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the United States Supreme] Court." *Id.* at 786. Under these

---

[1] The state did not argue at any point that Burton failed to exhaust the two *Faretta* claims that are at issue on this appeal.

circumstances, "an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law," *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000), but "[i]ndependent review of the record is not de novo review of the constitutional issue." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *see also Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013). The burden remains with Burton to demonstrate that "there was no reasonable basis for the state court to deny relief." *Richter*, 131 S. Ct. at 784.

We hold that Burton has not met this burden. In *Faretta*, the Supreme Court explained that "weeks before trial, Faretta clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel." *Faretta*, 422 U.S. at 835. Here, in summarily denying Burton's habeas petition, the California Supreme Court could have concluded that neither Burton's March 16 oral motion nor his June 1 handwritten motion was clear and unequivocal.

At the March 16 hearing, Burton expressed a desire to represent himself. But then he immediately stated that he first wanted to request a new court-appointed attorney under *People v. Marsden*, 2 Cal. 3d 118 (1970). The California Supreme Court could have determined that the *Marsden* request rendered equivocal or unclear the *Faretta* motion that immediately preceded it. Even if such a determination might be incorrect, it would not be "contrary to, or involve[] an

4

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000). It is possible that "fairminded jurists could disagree" about what *Faretta* requires of a defendant who moves to represent himself at trial. *Richter*, 131 S. Ct. at 786.

The California Supreme Court might similarly have concluded that Burton's handwritten June 1 *Faretta* motion did not clearly and unequivocally express his desire to proceed without counsel. Although the handwritten motion plainly conveys Burton's request to represent himself, Burton stated at the June 1 hearing where the trial court first reviewed the document that "I would really like to substitute counsel. Because, at this point, with my disease and my illnesses, I feel that I should have counsel." Fairminded jurists could disagree about whether Burton's seemingly contradictory statements at this hearing rendered his written motion equivocal under Supreme Court precedent. *See Richter*, 131 S. Ct. at 786–87 ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

5

The judgment of the district court is **AFFIRMED**.