Ronald A. WALLACE, Petitioner—Appellant,

v.

Matthew C. KRAMER, Respondent—Appellee.

No. 04–16821.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Sept. 22, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan D. Shors, San Francisco, CA, for Petitioner–Appellant.

Christopher J. Wei, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: B. FLETCHER, GIBSON,** and BERZON, Circuit Judges.

## MEMORANDUM ***

Ronald Wallace appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Wallace was convicted of felony possession of less than half of a gram of cocaine and sentenced under California's "three strikes" law to a term of twenty-five years to life. *See* CAL.PENAL CODE § 667 (West). Wallace contends that his sentence was cruel and unusual punishment in violation of the Eighth Amendment and that the three strikes law is unconstitutionally vague.

## I.   Eighth Amendment Claim

■  The California Court of Appeal's decision holding that Wallace's sentence did not violate the Eighth Amendment was

not "contrary to," and did not "involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In analyzing Wallace's claim under *In re Lynch,* 8 Cal.3d 410, 105 Cal.Rptr. 217, 503 P.2d 921 (1972), the state court did not "appl[y] a rule that contradicts the governing law." *Williams v. Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Furthermore, the state court did not "confront[ ] a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrive[ ] at a [different] result." *Id.* at 406, 120 S.Ct. 1495. The only Supreme Court case striking down a sentence as cruel and unusual punishment with facts that are remotely close to the facts in the present case is *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). The facts in the present case are materially distinguishable, however, because Wallace's sentence is far less severe than a sentence of life without the possibility of parole, *see id.* at 303 n. 32, 103 S.Ct. 3001, and Wallace's criminal history includes crimes that are violent and "against a person," *id.* at 297, 103 S.Ct. 3001.

In addition, the state court's decision is not an "unreasonable application" of governing law. Our decision is controlled by *Lockyer v. Andrade,* which upheld two consecutive sentences of twenty-five years to life. *See* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). True, Wallace's triggering offense is more "passive" than Andrade's triggering offense, which was the theft on two occasions of K–Mart merchandise whose cumulative value was $153. Wallace's criminal history, however, is ex-

** The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tensive[1] and is more serious than Andrade's because it includes two violent felonies, one of which was a crime against a person. If a state court's determination that Andrade's sentence was constitutional is not objectively unreasonable, then a state court's determination that Wallace's sentence was constitutional is also not objectively unreasonable.

*Ramirez v. Castro,* 365 F.3d 755 (9th Cir.2004), the only post-*Andrade* Ninth Circuit case holding that a three-strikes sentence violated the Eighth Amendment, presented very different circumstances. In that case, all crimes at issue were nonviolent and nonserious, *id.* at 768, and the defendant had been incarcerated only once, *id.* at 769. Wallace's Eighth Amendment claim, reviewed under AEDPA standards, therefore fails.

## II. Unconstitutional Vagueness Claim

■ Wallace's contention that California's three strikes law is unconstitutionally vague is without merit. There is no state decision explaining the rationale for rejecting this claim. We therefore conduct an independent review to determine whether the state court's decision was "contrary to, or involved an unreasonable application of" clearly established federal law. *See Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir. 2000).

Wallace's "vagueness claim must be evaluated as the statute is applied to the facts of this case." *Chapman v. United States,* 500 U.S. 453, 467, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). The .fact that some of the provisions of the law have been clarified by court decisions issued after the incident for which Wallace was convicted does not render the statute un-

constitutionally vague. Rather, the statute's provisions make clear that Wallace's prior two convictions for involuntary manslaughter[2] and arson count as "strikes." *See* CAL.PENAL CODE §§ 667, 667.5, 1192.7 (West). The statute is therefore not unconstitutionally vague as applied to Wallace. Our conclusion that the statute is not unconstitutionally vague necessarily indicates that the state court's decision was not "contrary to" and did not "involve[ ] an unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1).

For the forgoing reasons, the district court's denial of Wallace's habeas petition is **AFFIRMED**.

---

1. The state court noted that Wallace's record includes felony convictions for manslaughter, arson, dissuading a witness, conspiracy, grand theft, and possession of cocaine base for sale, as well as misdemeanor convictions for trespassing and battery.

2. Wallace was convicted of involuntary manslaughter for shooting his friend with a rifle.