Clarance Le–Rond **WILLIAMS**, aka Clarence Lerond Williams, Petitioner,

v.

**G.J. GIURBINO, Warden, Respondent.**

**No. EDCV 03–1545–AHM(RC).**

United States District Court, C.D. California.

Dec. 14, 2005.

The petitioner is appearing pro se.

Douglas P. Danzig, Deputy Attorney General, Office of Attorney General of the

State of California, San Diego, for the respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

A. HOWARD MATZ, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as petitioner's objections, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered denying the petition for writ of habeas corpus and dismissing the action with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

## JUDGMENT

Pursuant to the Order of the Court adopting the findings, conclusions, and recommendations of United States Magistrate Judge Rosalyn M. Chapman,

IT IS ADJUDGED that the petition for writ of habeas corpus is denied and the action is dismissed with prejudice.

1. This is a companion case to *Williams v. Giurbino*, case no. EDCV03–1305–AHM(RC) ("Williams I"), in which petitioner challenges his conviction and sentence in San Bernardino County Superior Court case no. FVI07855. The Court takes judicial notice of the records in Williams I, pursuant to Fed.R.Evid. 201.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable A. Howard Matz, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California.

### BACKGROUND

#### I

On December 31, 2003, petitioner Clarance Le–Rond Williams, aka Clarance LeRond Williams, filed the pending habeas petition, challenging the calculation of his sentence in San Bernardino County Superior Court case no. FVI07855 on the sole ground that his due process rights were violated when the California Department of Corrections ("C.D.C.") disallowed 132 days of credits. Petition at 10–15.[1] On March 18, 2004, respondent filed a motion to dismiss the petition as untimely, which this Court denied on May 3, 2004. On September 17, 2004, respondent filed an answer, and petitioner filed his traverse on January 26, 2005.[2]

#### II

On January 5, 2000, in San Bernardino County Superior Court case no. FVI07855 ("case no. I"), a jury convicted petitioner of one count of arson of a structure in viola-

2. This action is not a second or successive petition to Williams I, within the meaning of 28 U.S.C. § 2244(b), as respondent claims, because petitioner is not challenging his conviction or sentence, which is the subject of Williams I, but rather is challenging the C.D.C.'s calculation of credits.

tion of California Penal Code ("P.C.") § 451(c), and on May 24, 2000, petitioner was sentenced to 17 years in state prison. As part of his sentence, the trial court awarded petitioner 573 days of presentence credits for time spent in custody prior to sentencing, consisting of 383 days actual custody credits and 190 days good time credits. Williams I Clerk's Transcript ("CT") 585–86.

On August 3, 2000, in San Bernardino County Superior Court case no. FVI009712 ("case no. II"), petitioner pleaded guilty to, and was convicted of, one count of manufacturing a controlled substance in violation of California Health and Safety Code § 11379.6(a) and petitioner admitted he had suffered a prior conviction for a "serious" felony within the meaning of the Three Strikes law. Lodgment no. 44. On October 3, 2000, petitioner was sentenced to the term of three years and four months, *id.*, and pursuant to the terms of the plea bargain, the trial court awarded petitioner a total of 456 days of presentence credits for time spent in custody prior to sentencing, consisting of 426 days actual custody credits and 30 days good time credits. Lodgment no. 45. The sentence was ordered to run consecutively to the sentence in case no. I. Lodgment no. 48 at 11.

On or about August 14, 2001, petitioner filed a grievance with the C.D.C., claiming he was entitled to 132 days of presentence credits that had initially been awarded to him in case no. I, and then disallowed by the C.D.C. Traverse, Exh. 1 at 1. Petitioner's grievance was denied at the informal level on September 6, 2001; at the first formal level on December 12, 2001; at the second formal level on January 23, 2002; and at the third formal level on May 18, 2002. Petition, Exh. A at 1–2; Traverse, Exh. 1 at 3–6. Petitioner also filed a number of habeas corpus petitions in the California courts challenging the disallowance of these presentence credits, including a petition in the California Supreme Court, which was denied on November 19, 2003, with citation to *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). Lodgment nos. 32, 42.[3]

## DISCUSSION

### III

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") "circumscribes a federal habeas court's review of a state court decision." *Lockyer v. Andrade*, 538 U.S. 63, 70, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003); *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2534, 156 L.Ed.2d 471 (2003). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect

---

**3.** Respondent contends that, based upon the California Supreme Court's citation to In re Clark in its denial of petitioner's habeas corpus petition, petitioner's claim is procedurally defaulted. Given that petitioner's claim fails on the merits, as will be discussed infra, and the continuing uncertainty surrounding the procedural default doctrine in California, *see, e.g., Bennett v. Mueller*, 364 F.Supp.2d 1160, 1172–75 (C.D.Cal.2005) (finding petitioner had met burden of showing California's timeliness rule was inconsistently applied), the Court will assume arguendo that no procedural default exists. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir.2002) ("Procedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same."); *cf. also Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S.Ct. 1517, 1523, 137 L.Ed.2d 771 (1997) ("Judicial economy might counsel giving the *Teague [v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.").

to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim [¶] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [¶] (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, under the AEDPA, a federal court shall presume that a determination of factual issues made by a state court is correct, and petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Here, petitioner's claim has not been the subject of a "reasoned" state court opinion; thus, this Court must conduct an independent review of the record to determine whether the California Supreme Court's denial of the claim was contrary to, or involved an unreasonable application of, clearly established federal law. *Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000); *Thomas v. Hubbard,* 273 F.3d 1164, 1170 (9th Cir.2001).

## IV

Under California law, "[t]he term of imprisonment fixed by the judgment in a criminal action commences to run only upon the actual delivery of the defendant into the custody of the Director of Corrections...." P.C. § 2900(a). However, California law also provides that a criminal defendant who is in custody during the criminal proceedings is entitled to presentence credits against the term of imprisonment "for such presentence time served as to which [the defendant] would otherwise have been free." *Robinson v. Marshall,* 66 F.3d 249, 251 (9th Cir.1995); P.C. § 2900.5. "[T]he purpose of [P.C.] section 2900.5 is to ensure that one held in pretrial

custody on the basis of unproven criminal charges will not serve a longer overall period of confinement upon a subsequent conviction than another person who received an identical sentence but did not suffer preconviction custody." *People v. Bruner,* 9 Cal.4th 1178, 1183–84, 40 Cal. Rptr.2d 534, 537, 892 P.2d 1277 (1995). Nevertheless, P.C. § 2900.5(b) provides that "credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." P.C. § 2900.5(b) (emphasis added). This language has been interpreted to mean:

> that where a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody cannot be credited against the subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a "but for" cause of the earlier restraint.

*Bruner,* 9 Cal.4th at 1193–94, 40 Cal. Rptr.2d at 543, 892 P.2d 1277; *see also Robinson,* 66 F.3d at 251 (noting it is not arbitrary for Section 2900.5 to "refus[e] to count time which is being served on account of an entirely different offense").

The court imposing judgment is responsible for calculating the defendant's presentence credits and any good time credits the defendant may have earned. P.C. § 2900.5(d); *People v. Burkhalter,* 26 Cal.4th 20, 30, 108 Cal.Rptr.2d 625, 634, 25 P.3d 1103 (2001). However, the responsibility for calculating and applying any custody credits that may have accrued between the imposition of the sentence and the delivery of the defendant to the custody of the C.D.C. lies with the C.D.C. P.C. § 2900.5(e); *Burkhalter,* 26 Cal.4th at 31, 108 Cal.Rptr.2d at 634, 25 P.3d 1103.

In this case, petitioner was placed into the C.D.C.'s custody on October 5, 2000, at which time, pursuant to P.C. § 2900.5(e), the C.D.C. awarded petitioner 133 days of credits in case no. I, covering the period of May 24, 2000 (the date of sentencing), to October 5, 2000 (the date of petitioner's delivery to the C.D.C). Petition, Exh. A at 1. However, the C.D.C. subsequently received notice of petitioner's sentence in case no. II, in which the trial court had awarded petitioner presentence credits under P.C. § 2900.5(d) for the period of May 24 through October 3, 2000, and based on that information, the C.D.C. disallowed its initial award of 133 days of presentence credits in case no. I, because those credits were duplicative of the credits the trial court awarded petitioner in case no. II. Nevertheless, the C.D.C. did award petitioner one day of credit in case no. II under P.C. § 2900.5(e), for the one day between the date of sentencing (October 3, 2000) and the date of the petitioner's delivery to the C.D.C. (October 5, 2000). *Id.* It is the C.D.C.'s recalculation of petitioner's credits under P.C. § 2900.5(e) that petitioner challenges in the instant petition. There is no merit to petitioner's challenge.

Here, the conduct underlying petitioner's conviction and imprisonment in case no. I was not a "but for" cause of petitioner's custody from May 24 to October 3, 2000; rather, that custody was equally related to the criminal proceedings in case no. II. P.C. § 2900.5(b); *Bruner,* 9 Cal.4th at 1193–94, 40 Cal.Rptr.2d 534, 892 P.2d 1277. Moreover, petitioner received full credit for the period of May 24 to October 3, 2000, as part of his sentence in case no. II.[4] Thus, petitioner is not entitled to "duplicate credits" for the same period in connection with case no. I. *See In re Marquez,* 30 Cal.4th 14, 23, 131 Cal.Rptr.2d 911, 917, 65 P.3d 403 (2003) (noting "but for" causation requirement applies "to cases involving the possibility of *duplicate credits* that might create a windfall for the defendant" (emphasis in original)). Under such circumstances, the C.D.C.'s calculation of petitioner's credits does not violate any constitutional protection. *Robinson,* 66 F.3d at 251.

Petitioner also claims, albeit in a conclusory fashion, that the C.D.C. violated his plea agreement in case no. II. Petition at 15; Traverse at 7–8. There is no merit to this claim, as well. Although the State's failure to keep the promises upon which a criminal defendant relies in entering into a plea agreement implicates federal due process concerns, *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971), there is nothing in the written plea agreement or plea colloquy in case no. II that suggests any agreement that the credits awarded could be "duplicate credits."[5]

---

4. Petitioner denies that he received full credit in case no. II for the period of May 24 to October 3, 2000, because he only received actual custody credits of 426 days out of the 552 days he served prior to sentencing. However, this claim is flatly belied by the record in case no. II, which shows: (a) as part of his negotiated guilty plea, petitioner explicitly agreed to 365 days of actual custody credits covering presentence detention, from May 24 to October 3, 2000, and petitioner explicitly waived 112 additional days of actual custody credits, Lodgment no. 48 at 7, and (b) the trial court awarded petitioner an additional 61 days of actual custody credits and 30 days of good time credits. Lodgment no. 45. Thus, in case no. II, petitioner received full credit for the period of May 24 to October 3, 2000.

5. In his traverse, petitioner claims for the first time that his plea in case no. II was not voluntary and intelligent. Traverse at 7. However, this claim is both tardy and unexhausted; thus, the Court does not permit petitioner to raise it in his traverse. *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994), *cert. denied,* 514 U.S. 1026, 115 S.Ct. 1378, 131 L.Ed.2d 232 (1995).

Based upon the foregoing, the California Supreme Court's denial of petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court within the meaning of 28 U.S.C. § 2254(d).

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) directing that Judgment be entered denying the petition and dismissing the action with prejudice.