Terrence SKATTEBO, Petitioner–Appellant,

v.

Tom L. CAREY; Attorney General, State of California, Respondents–Appellees.

No. 06–15723.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 18, 2008.

Filed Sept. 23, 2008.

Terrence Skattebo, California State Prison, Vacaville, CA, pro se.

Ann Catherine McClintock, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellant.

Daniel Bernstein, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: HUG, PAEZ, and BERZON, Circuit Judges.

MEMORANDUM *

Terrence Skattebo, a California state prisoner, appeals the District Court's September 16, 2005 denial of his petition for a writ of habeas corpus and entry of judgment in favor of Warden Tom Carey, et al. This Court granted a Certificate of Appealability ("COA") with respect to only

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

one of several claims Skattebo raised in his petition, namely, whether his trial counsel violated his rights under the Sixth Amendment by failing to call Skattebo as a witness at his second trial, where he was convicted of second degree murder.[1]

### 1. Certified Issue

Skattebo's counsel conceded at oral argument that the Sixth Amendment violation Skattebo asserts is not a claim that his right to testify on his own behalf was denied, but, rather, that his trial attorney's strategic decision not to have Skattebo testify at his second trial constituted ineffective assistance of counsel ("IAC") under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If Skattebo could establish such a claim, he would be eligible for habeas relief under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Sta. 1214 (1996), as the *Strickland* standard for IAC represents "clearly established Federal law under AEDPA." *Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir.2000) (internal quotation marks omitted).

The substance of Skattebo's IAC claim is that it was "objectively unreasonable" and "prejudic[ial]" to his defense, *see id.* at 980–81, for his trial counsel, at his second trial, to rely on the transcript of Skattebo's post-arrest interview with a sheriff's detective and the cross-examination of prosecution witnesses to support a defense of heat of passion, rather than have Skattebo testify himself in support of a theory of imperfect self-defense.[2] This claim fails on two related grounds:

a. Because both the particulars of the jury's deadlock on the second degree murder charge at Skattebo's first trial and the other witnesses' testimony at the first trial favored a heat of passion defense over an imperfect self-defense theory, his trial counsel's decision to pursue the former strategy at Skattebo's second trial was neither objectively unreasonable nor prejudicial. The jury note sent at Skattebo's first trial revealed that four jurors were convinced by the heat of passion defense, but gave no indication that any of the jurors were swayed by the imperfect self-defense theory. Contrary to Skattebo's assertion, the fact that the four jurors who refused to convict stated that they believed he was "provoked" in the killing does not prove otherwise. *Compare Christian S.*, 7 Cal.4th at 780 n. 4, 30 Cal.Rptr.2d 33, 872 P.2d 574 (explaining that under the imperfect self-defense theory malice is negated through a lack of "base motive" rather than the presence of "provocation."); *to People v. Steele*, 27 Cal.4th 1230, 1252, 120 Cal.Rptr.2d 432, 47 P.3d 225 (2002) ("[F]or voluntary manslaughter, provocation *and* heat of passion must be affirmatively demonstrated." (emphasis in original, internal quotation marks omitted)). Moreover, multiple witnesses corroborated that Skattebo was in a state of "intense [or] highwrought ... emotion," at the time he killed his victim, as the heat of passion defense requires, *People v. Wickersham*, 32 Cal.3d 307, 327, 185 Cal.Rptr. 436, 650 P.2d 311 (1982), *overruled on other*

---

1. At his first trial, where he did testify, Skattebo was acquitted of first degree murder, but the jury deadlocked on the lesser included offense of second degree murder.

2. Under California law, either "imperfect self-defense" or "heat of passion" may warrant a conviction for voluntary manslaughter. *See,*

*e.g., People v. Gutierrez*, 28 Cal.4th 1083, 1143–44, 124 Cal.Rptr.2d 373, 52 P.3d 572 (2002) (discussing the "heat of passion" defense); *and Matter of Christian S.*, 7 Cal.4th 768, 783, 30 Cal.Rptr.2d 33, 872 P.2d 574 (1994) (discussing the doctrine of "imperfect self-defense").

*grounds by People v. Barton*, 12 Cal.4th 186, 200–01, 47 Cal.Rptr.2d 569, 906 P.2d 531 (1995), while only Skattebo's own testimony supported the assertion that he believed he was in "imminent peril," as is necessary to successfully claim imperfect self-defense, *Christian S.*, 7 Cal.4th at 782, 30 Cal.Rptr.2d 33, 872 P.2d 574.[3]

b. It was neither objectively unreasonable nor prejudicial for Skattebo's trial counsel to rely on the interview transcript and cross-examination of prosecution witnesses at his second trial, rather than having Skattebo testify himself. The interview transcript, combined with the testimony of other witnesses, presented the substance of the heat of passion defense. On the other hand, calling Skattebo as a witness would have meant that his testimony in support of both imperfect self-defense *and* heat of passion would be impeached based on his prior felony convictions, as was the case at his first trial. Because putting Skattebo on the witness stand in order to pursue the imperfect self-defense theory would have subjected the heat of passion defense to this risk as well, it was not objectively unreasonable for Skattebo's trial counsel to abandon the former theory to preserve the latter. *See Turk v. White*, 116 F.3d 1264, 1267 (9th Cir.1997). Furthermore, there was no reason for trial counsel not to do so, as the outcome of the first trial gave no indication that jurors would find Skattebo's testimony in support of the imperfect self-defense theory convincing once it was so impeached.

The District Court did not err in its determination that Skattebo had failed to demonstrate ineffective assistance of counsel.

**3.** Although Skattebo claims otherwise, Otto Biggs, who was a witness at the first trial, was equivocal on this point, as his testimony was that the victim had previously given Skattebo an intimidating look, but that at the time Skattebo attacked him the victim was actually looking away.

### 2. Uncertified Issues

Skattebo also briefed two uncertified issues. *See* Circuit Rule 22–1(e). We decline to certify these issues because Skattebo has failed to make "a substantial showing" of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

AFFIRMED.