**Rodney S. LANOSA, Petitioner— Appellant,**

v.

**Clayton FRANK, Interim Director, Department of Public Safety, State of Hawaii; et al., Respondents—Appellees.**

No. 07–16823.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Dec. 22, 2008.

Peter C. Wolff, Jr., Federal Public Defender, FPDHI–Federal Public Defender's Office, Honolulu, HI, for Petitioner–Appellant.

Richard Kenichi Minatoya, Esquire, Department of the Prosecuting Attorney, Wailuku, HI, for Respondents–Appellees.

Before: SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Rodney Lanosa appeals from the district court's denial of habeas relief under 28 U.S.C. § 2254. We have jurisdiction un-

_____

* This disposition is not appropriate for publica-

tion and is not precedent except as provided

der 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

Lanosa's habeas petition was filed on March 5, 2007, after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (1996); therefore, AEDPA's provisions apply. *See Delgado v. Lewis,* 223 F.3d 976, 979 (9th Cir.2000).

1. Lanosa first argues that the Hawaii Supreme Court unreasonably applied *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), when it held that Lanosa's *Miranda* rights were not violated by the state trial court's admission of Lanosa's uncounseled statements to the Maui Police Department (MPD). Lanosa argues that he invoked his right to counsel by refusing to sign a waiver of his right to counsel and right to silence, and that the MPD violated his *Miranda* rights by continuing to question Lanosa after he made this alleged invocation. It was not unreasonable for the Hawaii Supreme Court to determine that Lanosa's refusal to sign the waiver, without more, was not "an expression of a desire for the assistance of an attorney." *Davis v. United States,* 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994) (quotation marks and citation omitted). *Edwards'* requirement that police immediately cease questioning after an invocation of the right to counsel thus does not apply to this case.

The Hawaii Supreme Court's decision therefore was not an unreasonable application of *Miranda* or *Edwards,* and we affirm the district court's denial of habeas relief on this issue.

2. Lanosa next argues that the Hawaii Supreme Court's determination that his *Miranda* rights were not violated was based on an unreasonable application of *Miranda* and *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). He argues that, unlike the police in *Mosley,* the MPD failed to "scrupulously honor" Lanosa's right to silence after he invoked that right. In *Mosley,* the Supreme Court held that although the police in that case questioned Mosley after he invoked his right to silence, the police had nonetheless scrupulously honored Mosley's right to silence. *Id.* at 104, 96 S.Ct. 321.

Here, Lanosa argues that the MPD failed to "scrupulously honor" his right to silence because the MPD attempted to question him only ten minutes after he invoked his right to silence and because he reasonably could have perceived that the MPD was attempting to question him again about the crime that was the subject of the earlier attempted interrogation. Lanosa, however, made the disputed incriminating statements approximately two hours after he invoked his right to silence. Moreover, the MPD immediately ceased questioning after Lanosa invoked his right to silence and provided fresh *Miranda* warnings to Lanosa each time officers re-initiated questioning.

In light of these circumstances, we hold that the Hawaii Supreme Court's decision was not an unreasonable application of *Miranda* or *Mosley* and affirm the district court's denial of habeas relief on this issue.

3. Lanosa finally argues that the Hawaii Supreme Court's decision was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(2). He challenges the court's determination that, when questioned a second time, he had made a "separate statement" about a "different matter" than the matter at issue in the MPD's previous attempt to question him. *See State v. Lanosa,* 110 Hawai'i 171, 130

by 9th Cir. R. 36–3.

P.3d 554, 2006 WL 574456, at *1 (Haw. Mar.10, 2006). The Hawaii Supreme Court's determination, however, is supported by evidence in the record that the second attempt to question Lanosa concerned a different matter than the MPD's first attempt to question Lanosa.

Lanosa also challenges the Hawaii Supreme Court's determination that his incriminating statements were elicited by a different detective than the detective who had been present when Lanosa invoked his right to silence. *See Lanosa*, 2006 WL 574456, at *1. Again, the state court's determination is supported by evidence in the record that the MPD officers who elicited Lanosa's incriminating statements were not present when Lanosa invoked his right to silence.

We therefore hold that the Hawaii Supreme Court's decision was not based on an unreasonable determination of the facts and affirm the district court's denial of habeas relief on this ground.

AFFIRMED.