**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSSELL W. PIERCE, | No. 07-55920 |
| Petitioner - Appellant, | D.C. No. CV-05-05277-SGL |
| v. | |
| JAMES D. HARTLEY, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Submitted March 1, 2010
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and KENNELLY,[**] District
Judge.

Russell Pierce appeals the district court's denial of his habeas corpus petition

under 28 U.S.C. § 2254. He claims that effective counsel would have moved to

suppress statements elicited in violation of *Miranda v. Arizona*, 384 U.S. 436

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

(1966), and that because his counsel failed to do this, his no-contest plea was unknowing and involuntary. We certified these issues for appeal, and affirm.

Pierce's first state habeas petition, which raised an ineffective assistance of counsel claim, was denied on the merits. Because the trial court's decision was unreasoned, we review it independently to determine whether it was contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). We conclude it was not. There is no showing that counsel acted unreasonably in negotiating a plea with a fixed sentence that substantially lessened Pierce's exposure, rather than pursuing a *Miranda* issue that was destined to fail. *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984). Pierce went to the police station voluntarily, was told he was not under arrest and was free to leave, and voluntarily started confessing to burglaries. No authority indicates that his non-custodial status somehow changed once he confessed to two burglaries, or that the trial court would have accepted any such argument.[1] Pierce's interview lasted approximately forty-five minutes, with a five-minute break. He was not coerced into continuing to confess; that he was brought a glass of water when a drinking fountain was nearby does not suggest

---

[1] *Cf., e.g.*, *Thompson v. Keohane*, 516 U.S. 99, 102-04 (1995) (defendant confessed to killing his wife but was allowed to leave); *Oregon v. Mathiason*, 429 U.S. 492, 493-94 (1977) (defendant was released after confessing to theft); *Yarborough v. Alvarado*, 541 U.S. 652, 658-59 (2004) (defendant left after confessing to an attempted robbery and murder).

otherwise. Nor would competent counsel have moved to suppress just because there was "nothing to lose." *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419-20 (2009). Finally, Pierce points to *Missouri v. Seibert*, 542 U.S. 600 (2004), but that decision offered no prospect of success for a motion to suppress. Not only was *Seibert* not on the books at the time, but unlike what happened here, it involved questioning after the suspect had been arrested but before *Miranda* warnings were given.

Pierce likewise made no showing of "a reasonable probability that, but for counsel's errors, he would not have pleaded [no contest] and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). At most he now suggests that he might have entered into a more favorable plea, but this is neither substantiated in the record nor sufficient. *Id.*

AFFIRMED.