FILED

JAN 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL B. CARTER,

               Petitioner - Appellant,

   v.

A. K. SCRIBNER and ATTORNEY
GENERAL FOR THE STATE OF
CALIFORNIA,

               Respondents - Appellees.

No. 09-17869

D.C. No. 2:04-cv-00272-MSB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Marsha S. Berzon, Circuit Judge, Presiding

Argued and Submitted January 10, 2011
San Francisco, California

Before: HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

Michael Carter appeals from the district court's denial of his petition for

habeas corpus filed pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Carter pled no contest to the allegation of attempted murder with an enhancement for personal use of a firearm. He was sentenced to a determinate sentence of twenty-five years. Carter claims that his plea was not knowing and involuntary because he was denied the effective assistance of counsel due to his trial counsel's conflicts of interest. The facts are known to the parties. We need not recite them.

This court reviews de novo a district court's decision to grant or deny a habeas corpus petition under 28 U.S.C. § 2254. *Yee v. Duncan*, 463 F.3d 893, 897 (9th Cir. 2006). To obtain relief under § 2254, the state court's adjudication of the merits of the case must have "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Federal courts are to accord more deference to state court decisions underlying a section 2254 petition with regards to both law and facts, *see Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); however, deference to state court decisions applies only to claims the state court adjudicated on the merits. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004).

I

Carter's first claim is that his attorney's acquaintance with the victim amounted to a conflict of interest that resulted in a constructive denial of counsel. The California Supreme Court's summary dismissal of Carter's appeal on this claim without comment or citation constitutes an adjudication on the merits. *See Gaston v. Palmer*, 417 F.3d 1030, 1038 (9th Cir. 2005). However, in light of the state court's lack of reasoning, this court reviews the record to determine whether the state court's decision was an objectively unreasonable application of controlling federal law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

The Sixth Amendment right to effective assistance of counsel includes a "correlative right to representation that is free from conflicts of interest." *Woods v. Georgia*, 450 U.S. 261, 271 (1981). "[P]rejudice is presumed when counsel is burdened by an actual conflict of interest." *Strickland v. Washington*, 466 U.S. 668, 692 (1984) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 345-50 (1980)). To establish an *actual* conflict, the defendant must show that (1) "counsel actively represented conflicting interests" and (2) that the "actual conflict of interest adversely affected his lawyer's performance." *Sullivan*, 446 U.S. at 350. To show an adverse effect, a petitioner must show "that some plausible alternative defense strategy or tactic might have been pursued but was not and that the alternative

3

defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." *United States v. Wells*, 394 F.3d 725, 733 (9th Cir. 2005) (quoting *United States v. Stantini*, 85 F.3d 9, 16 (2d Cir. 1996)).

Here, review of the record reveals that the state court's denial of the petition was not an objectively unreasonable application of controlling federal law. Carter fails to demonstrate how his trial counsel's previous acquaintance with the victim constituted an actual conflict. While Carter's attorney, James Clark, did represent the victim in an unrelated proceeding where the victim was a complaining witness, Clark did so *months after* his representation of Carter was complete. Carter argues that Clark must have been representing the victim at an earlier point in time and that Clark must have rushed Carter's plea so that he could later represent the victim. Carter's argument is speculative and ultimately unconvincing. Moreover, Clark adequately describes why a negotiated plea for a determinate, rather than indeterminate, sentence was in Carter's interest, to which Carter fails to demonstrate any plausible alternative legal strategy or tactic that Clark ignored. Thus, on review of the record, the state court's denial of Carter's claim was not an unreasonable application of controlling federal law because the evidence does not reveal an actual conflict.

II

Carter's second claim focuses on Clark's previous representation of Shane Lesher in 1997 on charges of auto theft.  Months after Carter's plea, Lesher was charged in the robbery of the victim, which took place eleven days prior to Carter's attempt on the victim.  Although no one, including Carter, places Lesher at the scene of the attempted murder, Clark refers to Lesher as a "putative co-defendant" because the victim initially told police that he suspected his assailant was the same person who had robbed him eleven days prior.  Notwithstanding Carter's admission to police that he fired the gun as well as his failure to ever mention Lesher as a co-defendant, Carter now refers to Lesher as a "putative co-defendant" and argues that Clark's previous representation of Lesher constituted an actual conflict.  The California Supreme Court's dismissal of this claim on procedural grounds does not constitute an adjudication on the merits.  *See Lambert*, 393 F.3d at 969.  Because the Respondents waived the affirmative defense of procedural default by failing to raise it in the district court and on appeal, this court reviews the claim de novo.  *Chaker v. Crogan*, 428 F.3d 1215, 1221 (9th Cir. 2005).

"In successive representation, conflicts of interest may arise if the cases are substantially related or if the attorney reveals privileged communications of the former client or otherwise divides his loyalties."  *Hovey v. Ayers*, 458 F.3d 892,

5

908 (9th Cir. 2006) (citation omitted).  Here, Carter's claim that Clark's previous representation of Lesher resulted in a conflict of interest has no merit.  Carter does not produce any

evidence to show that Clark's previous representation of Lesher on a charge of auto theft was substantially related to Carter's attempted murder proceeding.  Nor does Carter demonstrate how Clark's previous representation of Lesher divides his loyalty to Carter.  Carter fails to show how Clark's previous representation of Lesher constituted a conflict, and thus, the court denies the claim.

**AFFIRMED.**

*Carter v. Scribner*, No. 09-17869
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.