
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GLENFORD EDWARD ENNIS, | No. 09-16762 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-01271-KJD-PAL |
| v. | |
| DWIGHT NEVEN and GEORGE CHANOS, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted February 18, 2011[**]
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and CONLON, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Suzanne B. Conlon, United States District Judge for the Northern District of Illinois, sitting by designation.

Petitioner Glenford Ennis appeals from the U.S. District Court for the District of Nevada's dismissal of his habeas petition challenging his state conviction for second degree murder with use of a deadly weapon, attempted murder, and coercion.[1]  On the issue certified for appeal, Ennis claims that his trial counsel was ineffective because he (1) failed to object to inadmissible hearsay, (2) failed to investigate and call his supervisor as a witness regarding his history of work absence and domestic disputes, and (3) failed to object to comments made by the prosecutor during closing argument.[2]  We affirm in all respects.

This petition is reviewed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that the court may grant habeas relief only if: the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(1)-(2).  The district

---

[1]     The parties are familiar with the facts of this case and we repeat them here only as necessary.

[2]     Although Ennis contends that all eight of the grounds he raised in his habeas petition are subject to review by this court, the district court certified only his claim of ineffective assistance of counsel regarding these three issues.

2

court's denial of a habeas petition is reviewed de novo. *Carter v. Scribner*, No. 09-17869, 2011 WL 219525 *1 (9th Cir. Jan. 24, 2011).

Claims for ineffective assistance of counsel are evaluated under the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 691-94 (1984). Under *Strickland*, for counsel's assistance to be deemed ineffective the petitioner must prove that the counsel's representation was deficient, or fell below an objective standard of reasonableness, and that the "deficient performance prejudiced the defense." *Id.* at 687. This is a highly deferential standard and there is a strong presumption that counsel performed reasonably. *Id.* at 689.

First, Ennis contends that he was prejudiced by his counsel's ineffective assistance because his counsel failed to object to two instances of inadmissible hearsay. He first challenges the victim's aunt's testimony that while she was talking to her mother on the phone the mother told her "to call the police because she said Glen [Ennis] was there jumping on [Michelle]." The second statement that Ennis challenges is Michelle's grandmother's testimony that on the day of the murder Michelle called to her from a different room in the house, saying "Mama Glen [Ennis] is in here."

The Nevada Supreme Court found that counsel had not been ineffective. Counsel had objected to the first statement, but the trial court had allowed it after

the prosecution satisfied the court's foundational concern. The state court found that the second statement was admissible as an excited utterance. The Nevada Supreme Court further found that the alleged failures were not prejudicial to Ennis because their only effect was to place him at the crime scene, which Ennis had done himself by admitting to killing the victim.

We find that the Nevada Supreme Court properly applied the *Strickland* standard, *see* 466 U.S. at 691-94, and that its determinations of fact are not unreasonable. 28 U.S.C. § 2254(d)(2).

Second, Ennis contends that his counsel was ineffective by not calling his supervisor as a witness to talk about his history of work absences and domestic disputes. "Trial counsel's duty to investigate . . . 'does not necessarily require that every conceivable witness be interviewed.'" *Crittenden v. Ayers*, 624 F.3d 943, 967 (9th Cir. 2010) (quoting *Hendricks v. Calderon*, 70 F.3d 1032, 1040 (1995)). Ennis has not specified what information the supervisor could have provided to refute any of the charges against him. Furthermore, Ennis testified at trial, so he could have addressed both his domestic disputes as well as his history of work absences. On this record, Ennis has failed to show any prejudice from his counsel's failure to call his supervisor. Under the deferential standards of review

4

articulated in AEDPA and *Strickland*, we are compelled to affirm the lower court's denial of this claim.  28 U.S.C. § 2254(d)(1); *Strickland*, 466 U.S. at 691-94.

Third, Ennis contends that his counsel was ineffective by failing to object to two comments made by the prosecutor during closing argument.  First, he contends that the prosecutor's comment that "the fact that [the officer] did not believe [the victim] . . . does not make that allegation false," was improper vouching.  A prosecutor can comment on a witness's credibility as long as it does not amount to personal vouching.  *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993) (vouching is improper when counsel gives the jury personal assurances that the witness is credible).  An improper statement made at closing argument, however, constitutes prosecutorial misconduct warranting reversal if the court concludes that "any reasonable jurist could find that [the statements] had [a] substantial and injurious effect or influence in determining the jury's verdict." *Turner v. Calderon*, 281 F.3d 851, 868 (9th Cir. 2002).  Here, the comment was not a personal assurance of the victim's credibility, and thus, does not amount to personal vouching.  *Necoechea*, 986 F.2d at 1276.  Because the statement was not improper, Ennis's counsel did not fall below an objective standard of reasonableness by not objecting to the statement.  *Strickland*, 466 U.S. at 688.

5

Ennis also challenges the prosecutor's comments concerning Ennis's thought process during his attack on Michelle on February 18, 2001. The record reflects that the prosecutor's comments were a fair supposition based on the evidence of Ennis's actions and statements. Furthermore, Ennis's counsel did object to the prosecutor's comments and was overruled. Accordingly, Ennis's counsel was not deficient in performing his duties. *Id.*

Because Ennis has failed to show any individual act of ineffective assistance of counsel, we reject Ennis's contention that there was cumulative error.

We decline to certify the uncertified issues because Ennis's contentions lack sufficient merit to warrant review. *Valerio v. Crawford*, 306 F.3d 742, 767 (9th Cir. 2002) (citing 28 U.S.C. § 2253(c)(2)) (we may grant a petitioner's request for an expanded certificate of appealability when the petitioner has made "a substantial showing of the denial of a constitutional right").

The district court's denial of Ennis's petition is **AFFIRMED.**