**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

COREY IAN WEIDNER,

             Petitioner-Appellant,

v.

JERI TAYLOR,

             Respondent-Appellee.

No.   17-35132

D.C. No. 2:13-cv-01973-YY

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Argued and Submitted May 7, 2018
Portland, Oregon

Before:  RAWLINSON and NGUYEN, Circuit Judges, and SILVER,** District
Judge.

Petitioner-Appellant Corey Weidner (Weidner) appeals the district court's

denial of his petition for a writ of habeas corpus.  "We review *de novo* a district

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

court's denial of a habeas petition." *Demirdjian v. Gispson*, 832 F.3d 1060, 1065 (9th Cir. 2016), *cert. denied*, 138 S.Ct. 71 (2017) (citation omitted).

Weidner's claims of ineffective assistance of counsel are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and habeas relief may be granted only if the last reasoned decision from the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Weeden v. Johnson,* 854 F.3d 1063, 1069 (9th Cir. 2017). "The standard set forth in § 2254(d) is difficult to meet" and "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Yun Hseng Liao v. Junious*, 817 F.3d 678, 689 (9th Cir. 2016) (citations omitted). Here, the last reasoned state court decision is the December 23, 2011, judgment of Umatilla County.

*Strickland v. Washington*, 466 U.S. 668 (1984), provides the clearly established law governing Weidner's ineffective assistance of counsel claims. *See Demirdjian*, 832 F.3d at 1066. To prevail, Weidner must demonstrate that the

2

performance of his counsel "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. Under AEDPA, "our review [of claims of ineffective assistance of counsel] is doubly deferential" and we must deny habeas relief "[i]f there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Demirdjian*, 832 F.3d at 1066 (citations and internal quotation marks omitted).

Weidner contends that his trial counsel was ineffective when she failed to object to the vouching testimony, the diagnosis of child abuse, and the prosecutor's remarks during closing arguments. The state court's determination that there was "insufficient evidence of any inadequacy or of any prejudice" was not "contrary to" nor did it "involve[] an unreasonable application" of *Strickland*. *Weeden,* 854 F.3d at 1069 (citation omitted). Counsel's decision to counter the vouching testimony and diagnosis of child abuse with expert testimony was a reasonable trial strategy entitled to deference. *See Demirdjian*, 832 F.3d at 1072-73. Because the prosecutor's remarks fell within permissible limits, defense counsel was not ineffective for withholding objection. *See id.*

Weidner's argument that his appellate counsel was ineffective for not raising a claim under *State v. Southard*, 218 P.3d 104 (Or. 2009), in a second petition for

reconsideration also fails.  The state court ruled that the time for raising a *Southard* claim in a petition for reconsideration had expired, and that ruling is binding on this court.  *See Butler v. Curry*, 528 F.3d 624, 642 (9th Cir. 2008) ("We are bound to accept a state court's interpretation of state law, except in the highly unusual case in which the interpretation is clearly untenable and amounts to a subterfuge to avoid federal review of a constitutional violation.") (citation and internal quotation marks omitted).  Accordingly, appellate counsel's performance did not fall below an objective standard of reasonableness when she did not file a second, untimely petition for reconsideration.  The state court's decision denying relief on this claim was neither "contrary to," nor "an unreasonable" application of, clearly established law.  *Delgado v. Lewis*, 223 F.3d 976, 979 (9th Cir. 2000) (citation omitted).

**AFFIRMED.**